Sandra ROME, Plaintiff-Appellant,

v.

Gary Leonard BETZ, Defendant-Respondent.

Court of Appeals

No. 83–574. Submitted on motion September 20, 1983.—
Decided August 23, 1984.
(Also reported in 355 N.W.2d 844.)

For the plaintiff-appellant the cause was submitted on the memorandum briefs of *Donald H. Mueller* of Milwaukee.

For the defendant-respondent the cause was submitted on the memorandum briefs of *David B. Russell* and *Hale, Skemp, Hanson & Skemp,* of La Crosse.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

PER CURIAM. The court requested the parties to file memorandum briefs on the issue whether the court

has jurisdiction of the appeal because it appeared that the notice of appeal was not timely filed. We conclude that the notice of appeal was timely filed and that we have jurisdiction.

The plaintiff appealed from the order entered February 3, 1983, dismissing her complaint. A notice of entry of the order was timely served, which shortened the time for appeal to 45 days. Secs. 806.06(5) and 808.04(1), Stats. Forty-five days after February 3, 1983, was March 20, 1983, a Sunday. The last day for filing a notice of appeal was therefore extended to March 21, 1983. Sec. 801.-15(1), Stats., Rule 809.82(1). The notice of appeal was stamped "filed" by the clerk of the circuit court for La Crosse County on March 25, 1983.

The parties filed affidavits in support of their memoranda briefs. The affidavit of the appellant's attorney states that his office mailed the notice of appeal to the clerk of the circuit court on March 17, 1983. The notice of appeal bears a note that the "check for docket fee" is enclosed. The attorney submitted a certified mail receipt which shows that the notice of appeal was received by an employee in the La Crosse county courthouse printing department on March 21, 1983.

Because this court has no power to resolve factual disputes, we remanded the matter to the circuit court for a hearing and findings regarding when the notice of appeal and proper filing fees were received by the clerk of circuit court. *Wisconsin State Employees Union v. Henderson,* 106 Wis. 2d 498, 317 N.W.2d 170 (Ct. App. 1982). The clerk testified at the hearing that before he will file a notice of appeal, he requires payment of the $50 filing fee under Rule 809.25(2)(a)1. and the $10 fee to forward the record under sec. 814.61(9), Stats. The $50 must be payable to the court of appeals and the $10 to his office. He requires separate checks in the proper amounts payable to each court. If the checks are improperly written, or if only one check for the total

amount is received, he will not file the notice of appeal, but will immediately notify the appellant's attorney of the problem. Although sec. 814.61(9) requires prepayment of the postage to forward the record, in addition to the $10 forwarding fee, the clerk does not insist that the postage accompany the forwarding fee.

The circuit court found that the clerk received the $50 filing fee when the notice of appeal was received March 21, 1983, and received the $10 forwarding fee March 25, 1983. Upon our review of the record, we cannot say those findings are clearly erroneous. Section 805.17(2), Stats.

Section 59.42(1), Stats., provides, "The clerk of the circuit court shall collect the fees prescribed in secs. 814.60 to 814.63. The clerk of the circuit court may refuse to accept any paper for filing or recording until the fee prescribed in subch. II of ch. 814 or any applicable statute is paid." Section 814.61(9), which prescribes the $10 forwarding fee and payment of postage, is in subch. II of ch. 814. A party intending to appeal can easily ascertain from Rule 809.25(2)(a)1 that the filing fee is $50. Neither that rule nor any other rule of appellate procedure refers to the $10 forwarding fee or sec. 814.61 (9), Stats.

Notwithstanding the mandatory language of sec. 59.42 (1), Stats., the clerk of the circuit court has discretion to refuse to accept and file papers without the payment of the filing fee. *Hamilton v. ILHR Department*, 56 Wis. 2d 673, 682, 203 N.W.2d 7, 11, 12 (1973) (footnotes omitted).

We conclude it is an abuse of discretion for the clerk not to accept a notice of appeal for filing if the $50 filing fee has been paid, even if the $10 forwarding fee or postage has not been paid.

We reach that conclusion because the clerk runs no risk whatever by accepting the notice of appeal for filing before the $10 forwarding fee and postage are paid. The

clerk may refuse to assemble the record for forwarding to the court of appeals and may refuse to forward the record after it has been assembled until the $10 and postage have been paid. That is undoubtedly the reason why the clerk of circuit court for La Crosse County does not insist on prepayment of the postage. We see no difference between the $10 forwarding fee and the postage in this regard and consider it arbitrary in view of the risk-free nature of the transaction to refuse to file the notice of appeal for an appellant's failure to pay either item.

We hold that the notice of appeal was "filed" under Rule 809.10(1)(b) when it and the $50 filing fee were received by the clerk on March 21, 1983, even though the notice was not stamped "filed" by the clerk until March 25, 1983. *Boston Old Colony Ins. v. International Rectifier Corp.*, 91 Wis. 2d 813, 824, 284 N.W.2d 93, 98 (1979). This court has jurisdiction of the appeal.

*By the Court.*—Ordered that the court has jurisdiction of the appeal.