Donald and Deena DOUGLAS, and Julie Ann
Douglas, Plaintiffs-Appellants-Cross
Respondents,

v.

Vernon DEWEY, d/b/a Rustic Resort, and
Threshermen's Mutual Insurance Company, a
Wisconsin Insurance Corporation, Defendants-
Respondents-Cross Appellants.

Supreme Court

No. 86–2086. Argued November 1, 1988.—Decided January 9,
1989.

(Also reported in 433 N.W.2d 243.)

For the plaintiffs-appellants-cross respondents there were briefs by *Michael S. Siddall* and *Herrling, Clark, Hartzheim & Siddall, Ltd.,* Appleton, and oral argument by *Michael S. Siddall.*

For the defendants-respondents-cross appellants there were briefs by *Jeffrey J. Gilson, Frederick B.*

*Kaftan,* and *Kaftan, Kaftan, Van Egeren, Ostrow, Gilson, Geimer & Gammeltoft, S.C.,* Green Bay, and oral argument by *Jeffrey J. Gilson.*

SHIRLEY S. ABRAHAMSON, J. This appeal comes before the court on certification from the court of appeals. Section 809.61, Stats., 1985–86. The court of appeals certified the following question to this court: "Whether payment of the $150 filing fee under Rule 809.25(2)(a)1. is a prerequisite to filing a notice of appeal."

We conclude that a notice of appeal is filed on the day the clerk of the trial court receives the notice of appeal, whether or not the notice of appeal is accompanied by the $150 filing fee. Because the clerk of the circuit court in this case received the notice of appeal within the time period prescribed by statute, we conclude that the court of appeals obtained jurisdiction over this appeal. Accordingly, we deny the defendants' motion to dismiss the appeal for failure to file a notice of appeal in a timely manner.

The facts giving rise to the motion are not in dispute.[1] On October 1, 1986, the circuit court for

---

[1] When the defendants filed a motion in the court of appeals to dismiss the appeal for plaintiffs' failure to file a timely notice of appeal, the court of appeals remanded the matter to the circuit court for findings of fact regarding the plaintiffs' processing of the appeal. The circuit court found the following facts relating to the plaintiffs' processing the appeal to the court of appeals:

1. A Notice of Appeal and a $50 check was mailed to the Clerk of Courts for Menominee-Shawano Counties on November 10, 1986, by attorneys for the plaintiff.

2. There was no mail on Tuesday, November 11th, 1986, and the Clerk of Circuit Court received said Notice and $50 check on Wednesday, November 12th, 1986.

3. The Deputy Clerk, Barbara Schroeder, prepared a message to plaintiff's attorney on Wednesday, November 12th, 1986, which is the top part of the plaintiff's Exhibit one received in evidence for the purpose of this hearing and most likely mailed that notice the same day advising plaintiff's attorneys that they had submitted the wrong appeal fee.

4. Plaintiff's attorneys received the message from the Deputy Clerk and the $50 check on Friday, November 14th, 1986, and most likely on that same day returned the $50 check along with another check for $100 to the Clerk of the Court's Office.

5. In the normal course of doing business the mail from the plaintiff's law firm would have been delivered to the Post Office in Appleton, Wisconsin, by 6:00 p.m. on Friday, November 14th, 1986.

6. The letter in question had left the desk of Attorney Brickner's secretary prior to Attorney Brickner's leaving the office on Friday, November 14th, 1986, and that in the normal course of doing business her secretary would have taken that letter along with the other mail to a central location in the law firm where it would then be gathered with the mail and delivered to the Post Office by 6:00 p.m.

7. In the normal course of doing business mail received by the Post Office in Appleton, Wisconsin, by 7:15 p.m. would be delivered to the Post Office in the City of Shawano in the next day's delivery.

8. The Clerk of Courts did receive the two checks but can not [sic] state with absolute certainty when said checks were received.

9. Deputy Barbara Schroeder would normally open the mail and said mail would normally be received sometime between 10:30 a.m. and noon on Mondays, and sometimes in November it didn't come until mid-afternoon.

10. Monday, November 10, 1986, would be a double-mail day because of no delivery on Saturday, and Wednesday, November 12th, would be a double mail day because of the

verdict dismissing the plaintiffs' complaint on its merits. The parties agree that the last day on which

holiday on November 11th. Also, Monday, November 17th, 1986, would have been a double mail day. On these double mail days the Clerk's Office would have received twice as much mail as the other days of the week.

11. Upon receiving a fee for filing an appeal the normal course of business for the Clerk of Court's Office would be for Ms. Schroeder to pull the file and send the fee along with the Notice of Appeal to the Court of Appeals on the same day that the Notice of Appeal and fee was received by the clerk of Court's Office. The Clerk normally date stamps a document when she takes it out of the envelope, but she doesn't date stamp checks.

12. In this case, upon receipt of the correct filing fee, Deputy Schroeder had to pull the file to retrieve the Notice of Appeal which had been previously filed and receipted the $10 transmittal fee, which had been previously received by the Clerk of Courts along with the Notice of Appeal and $50 check on Wednesday, November 12, 1986.

13. In the normal course of business the Clerk of Courts' Office would filestamp mail received on the same date of receipt, but on some occasions the Deputy Clerk would be unable to do so because of other responsibilities that required more immediate attention.

14. The plaintiff's attorneys' letter of November 10th, 1986, which accompanied the Notice of Appeal, the $50 filing fee, and the $10 transmittal fee, is filestamped November 18th, 1986, as is the Notice of Appeal.

15. Deputy Schroeder cannot say with any degree of certainty as to when the $150 filing fee was received, but can only tell the court that it is her normal practice to filestamp the Notice of Appeal on the same date that the appeal fee was received.

16. It is neither clear and convincing, nor is it undisputed and uncontroverted that the proper filing fee was received by the Clerk of Courts on November 17, 1986. It

333

the plaintiffs could initiate a timely appeal from this judgment was November 17, 1986. A notice of appeal filed on November 18, 1986, would have been filed too late.

According to the findings of fact of the circuit court, the clerk of the circuit court received in its regular mail delivery of November 12, 1986, the plaintiffs' notice of appeal, along with two checks, one for $50 as a filing fee and another for $10 as a transmittal fee. The clerk of the circuit court retained possession of the notice of appeal but did not date-stamp the notice as received or filed. The clerk of the circuit court returned the $50 check by mail to plaintiffs' attorneys on November 12, 1986, advising them that the correct filing fee is $150. On November 14, 1986, the plaintiffs' attorneys mailed two checks (the $50 check and a check for $100) to the clerk of the circuit court as a filing fee for the appeal. The clerk of the circuit court date-stamped the notice of appeal on November 18, 1986. The circuit court found that the clerk "cannot say with any degree of certainty as to when the $150 filing fee was received, but can only tell the court that it is her normal practice to filestamp the Notice of Appeal on the same date that the appeal fee was received."

We shall assume for purposes of this decision that the clerk received the $150 after November 17, 1986, the last day the appeal could be timely initiated. The question is whether the late receipt of the $150 fee on November 18, 1986, necessitates dismissal of the appeal even though the clerk of the circuit court received the notice of appeal before November 18, 1986.

appears likely that said fee was received on November 18, 1986.

To determine whether this appeal was initiated within the statutory period, we must examine the statutory requirements for initiating an appeal. We look first to sec. 809.10(1)(a), Stats., 1985–86, which provides that "[a] person shall initiate an appeal by *filing* a notice of appeal with the clerk of the trial court in which the judgment or order appealed from was entered...." (Emphasis added.)[2] Section 809.10(1)(b) provides that "[t]he filing of a timely notice of appeal is necessary to give the court jurisdiction over the appeal." Section 809.10 does not refer to the payment of any fees.

Neither sec. 809.10, Stats., nor any other provision of chapter 809 defines the word "filing" used in sec. 809.10(1). This court has held that "[t]he notice of appeal ... shall be considered filed as of the date that the notice of appeal is actually received by the clerk [of the circuit court]." *Boston Old Colony Insurance Company v. International Rectifier Corporation,* 91 Wis. 2d 813, 822, 284 N.W.2d 93 (1979). Thus, if we look no further, we would hold that the notice of appeal was filed in this case when it was received by the clerk of the circuit court on November 12, 1986, well within the statutory appeal period.

The defendants contend that the plaintiffs were required to submit to the clerk of the circuit court both the notice of appeal and the $150 fee on or before November 17, 1986. The defendants rely on secs. 809.11 and 809.25, Stats., 1985–86, to support their argument. We shall examine each statute in turn.

Section 809.11(1), Stats., states that "[t]he appellant shall file with the notice of appeal the fee for

---

[2] Section 809.10(1)(b), Stats., provides that "[t]he notice of appeal must be filed within the time specified by law." Sec. 808.04(1), Stats., 1985–86, sets forth the time for initiating an appeal.

docketing an appeal with the court of appeals.". Sec. 809.11(2) requires the clerk of the trial court to "forward to the court of appeals within 3 days of the filing of the notice of appeal, a copy of the notice of appeal, the docketing fee, and a copy of the trial court record (docket entries)...." The docketing fee mentioned in sec. 809.11(2) is not further described and is apparently the fee set forth in sec. 809.25(2)(a)1, which provides that the clerk of the court of appeals shall charge a fee of $150 for filing an appeal.

The defendants read sec. 809.10(1) and 809.11, Stats., together to mean that the clerk of the circuit court must receive both the $150 docketing fee and the notice of appeal in order for the clerk's receipt of the notice of appeal to be considered as a filing of the notice of appeal.

■

We do not read secs. 809.10 and 809.11, Stats., as the defendants do. We conclude that sec. 809.10 provides that the notice of appeal is the only document the clerk of the circuit court must receive within the time specified by law for initiating an appeal, in order for the court of appeals to have jurisdiction over the appeal. We hold that sec. 809.11 does not make the timely submission of the $150 docketing fee a jurisdictional requirement.

Section 809.11(1) mandates that the appellant submit the $150 docketing fee to the clerk of the circuit court but does not state that failure to submit the fee affects the appellant's timely filing of the notice of appeal. Indeed the statutory language requiring the docketing fee to be filed "with the notice of appeal" implies that the docketing fee is separate and distinct from the notice of appeal.

Although sec. 809.11(2), Stats., mandates that the clerk of the circuit court "shall forward to the court of appeals within 3 days of the filing of the notice of appeal, a copy of the notice of appeal, the docketing fee, and a copy of the trial court record (docket entries) of the case," it is clear that the clerk of the circuit court must transmit only those materials in his or her possession at the time. If the clerk of the circuit court has only the notice of appeal and the docket entries, then he or she forwards only those items to the court of appeals.

On careful reading of secs. 809.10 and 809.11, Stats., we conclude that sec. 809.10 provides that an appeal to the court of appeals is initiated by filing a notice of appeal with the clerk of the circuit court. The filing of the notice of appeal, not the docketing fee, is the means by which the court of appeals is vested with jurisdiction over the appeal. Thus the plaintiffs' failure in this case to submit the $150 docketing fee along with the notice of appeal does not affect the validity of the filing of the notice of appeal or the court of appeals' jurisdiction.

The defendants argue, in the alternative, that the clerk of the circuit court's receipt of the notice of appeal in this case is not tantamount to filing, because sec. 809.25(2)(c), Stats., gives the clerk of the circuit court discretion to refuse to file the notice of appeal until the appellant pays the $150 docketing fee. The defendants assert that the clerk of the circuit court in this case exercised her discretion not to file the notice of appeal until the plaintiffs submitted the $150 docketing fee. The defendants conclude that because of the clerk's decision the notice of appeal was not

filed until the $150 docketing fee was paid on November 18, a day too late.

Section 809.25(2)(c), Stats., provides that "the clerk may refuse to file, docket, record, certify, or render any other service without prepayment of the fees," including the fees to be charged on the filing of an appeal.

The defendants read sec. 809.25(2)(c), Stats., as conferring discretion on the clerk of the circuit court. We disagree with this reading of the statute. We conclude that the clerk referred to in sec. 809.25(2)(c) is the clerk of the *court of appeals,* not the clerk of the circuit court.

Chapter 809 sets forth the rules of appellate practice. References to the "court" in chapter 809 are defined as being to the court of appeals or the supreme court, not to the circuit court. *See* Sec. 809.01(4), Stats., 1985–86. References to the "clerk" or the "clerk of court" in chapter 809 therefore are to the clerk of the court of appeals or to the clerk of the supreme court, not to the clerk of the circuit court. When a reference is made in chapter 809 to the clerk of the circuit court, the phrase "clerk of the trial court" is used. *See, e.g.,* sec. 809.10(1)(a).

Section 809.25(2)(a), Stats., makes clear that the $150 filing fee is a fee the *clerk of the court of appeals* charges the appellant.[3] Consequently, the reference in sec. 809.25(2)(c) to "the clerk" refusing to file, docket, record, certify or render a service without prepayment

[3]Section 809.25(2)(a), Stats., provides that "[t]he clerk of the court [defined in sec. 809.11(4) as the court of appeals or the supreme court] shall charge the following fees: 1. For filing an appeal, cross-appeal, petition for review, petition to bypass, or other proceeding, $150."

of the fee can only be interpreted as referring to the clerk of the court of appeals, not the clerk of the circuit court.[4]

We therefore conclude that under the plain language of sec. 809.25(2)(c), Stats., sec. 809.25(2)(c) does not grant the clerk of the circuit court discretion to refuse to file a notice of appeal when an appellant fails to pay the required $150 docketing fee.

We must consider one other statute relevant to the question of whether the clerk of the circuit court has discretion not to file the notice of appeal when an appellant does not submit the $150 fee along with the notice of appeal.

Sec. 59.42(1), Stats., 1985–86, provides that "[t]he clerk of the circuit court *shall* collect the fees prescribed in ss. 814.60 to 814.63." (Emphasis added.) It further states that the clerk of the circuit court "may refuse to accept any paper for filing or recording until the fee prescribed in subch. II of ch. 814 or any applicable statute is paid."

Sections 814.60 to 814.63, Stats., 1985–86, do not refer to fees for filing appeals. Sec. 814.64 does. Sec. 814.64 is part of subchapter II of chapter 814. Sec. 814.64 states that "[t]he fees on appeal to the court of appeals and the supreme court are prescribed in s.

---

[4]Our conclusion that sec. 809.25(2)(c), Stats., refers to the clerk of the court of appeals or the supreme court, and not to the clerk of the circuit court, is further bolstered by examining sec. 251.90, Stats. 1975, the predecessor of sec. 809.25(2)(c). Section 251.90(1) governed appeals to the Wisconsin Supreme Court before creation of the court of appeals. It provided that "the fees to be charged by the clerk of this court [the supreme court] are as follows: (a) For filing and docketing each case on appeal, a writ or error, or any other proceeding, $25...."

809.25(2)." Sec. 814.64 does not prescribe a fee for appeal; it merely serves as a cross-reference to sec. 809.25(2), Stats. Sec. 809.25(2), not sec. 814.64, prescribes the fee for filing a notice of appeal. Reading sec. 59.42(1), Stats., together with sec. 814.64, we conclude that sec. 59.42(1) does not authorize the clerk of the circuit court to refuse to accept a notice of appeal for filing until the $150 docketing fee is paid.

Our interpretation of sec. 59.42(1), Stats., is supported by the fact that the $150 fee belongs to the clerk of the court of appeals, not the clerk of the circuit court. The clerk of the circuit court merely acts as a conduit, transmitting the $150 to the clerk of the court of appeals. Furthermore, interpreting sec. 59.42(1) as granting a clerk of the circuit court discretion to refuse to file a notice of appeal on the non-payment of the $150 docketing fee would mean that the time of filing of notices of appeal and of initiating appeals would differ from one case to the other and from one county to the other. We do not believe the legislature intended to adopt such a rule. We believe the legislature intended a uniform appeal procedure across the state.

The certification memorandum filed by the court of appeals in this case states that several clerks of circuit courts, unlike the clerk of the circuit court in this case, accept notices of appeal for filing without the $150 filing fee and that the clerk of the court of appeals routinely views these appeals as being properly initiated upon the filing of the notice of appeal with the clerk of the circuit court. The clerk of the court of appeals then bills attorneys and law firms for the $150

filing fee. This practice is in conformity with our holding in this case.[5]

When we examine the language of sec. 59.42(1), Stats., and consider that the $150 fee is paid to the clerk of the court of appeals (not the clerk of the circuit court) and that there is a need for a uniform rule across the state for filing notices of appeals and initiating appeals, we conclude that sec. 59.42(1) does not confer discretion upon the clerk of the circuit court to refuse to file a notice of appeal when the $150 fee is not paid. We conclude that the court of appeals obtains jurisdiction over an appeal by the filing of a timely notice of appeal with the clerk of the circuit court, whether or not the $150 fee accompanies the notice of appeal.

We add one further comment. This case should be compared with *Rome v. Betz,* 120 Wis. 2d 528, 355 N.W.2d 844 (Ct. App. 1984). In *Rome,* the clerk of the circuit court received a notice of appeal and the docketing fee but did not receive the $10 transmittal fee required by secs. 59.42 and 814.61(9), Stats. The court of appeals held that the clerk of the circuit court abused its discretion by not accepting the notice of appeal for filing. "We reach that conclusion," wrote the court of appeals, "because the clerk runs no risk whatever by accepting the notice of appeal for filing

---

[5]If an appellant fails to pay the filing fee, the appeal may be dismissed. Section 809.83(2), Stats., 1985–86, provides that "[f]ailure of a person to comply with a requirement of these rules, other than the timely filing of a notice of appeal or cross-appeal, does not affect the jurisdiction of the court over the appeal but is grounds for dismissal of the appeal, summary reversal, striking of a paper, imposition of a penalty or costs on a party or counsel, or other action as the court considers appropriate."

before the $10 forwarding fee and postage are paid. The clerk may refuse to assemble the record for forwarding to the court of appeals and may refuse to forward the record after it has been assembled until the $10 and postage have been paid." 120 Wis. 2d at 530. In the case at bar, the clerk of the circuit court received the $10 transmittal fee when she received the notice of appeal, but she did not receive the $150 docketing fee required by sec. 809.25(2)(a)1, Stats.

Taken together, the decisions in *Rome* and in this case establish the rule that the clerk of the circuit court may not refuse to accept a notice of appeal merely because the party submitting the notice fails to pay the transmittal fee or the docket fee.

For the reasons set forth, we hold that the notice of appeal in this case was filed on November 12, 1986, when the clerk of the circuit court received the notice of appeal. The filing of the timely notice of appeal gave the court of appeals jurisdiction over the appeal, and we therefore deny the defendants' motion to dismiss the appeal. The cause is remanded to the court of appeals.

*By the Court.*—The motion to dismiss the appeal is denied.