Helen GIESE and Bernice E. Field, Petitioners-
Appellants,†

v.

LABOR & INDUSTRY REVIEW COMMISSION,
and Wausau Insurance Companies, Respondents.

Court of Appeals

*No. 89-0930-FT. Submitted on briefs August 21,
1989.—Decided November 7, 1989.*

(Also reported in 450 N.W.2d 489.)

†Petition to review denied.

For plaintiffs-appellants there was a brief by *Jacqueline Macaulay* of *Borns, Macaulay & Jacobson,* of Madison.

For respondent, LIRC, there was a brief by *Donald J. Hanaway,* attorney general, and *David C. Rice,* assistant attorney general.

For respondent, Wausau Insurance Companies, there was a brief by *Peter L. Hessert* and *Keith F. Ellison* of *Patterson, Richards & Hessert,* Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Helen Giese and Bernice Field appeal a judgment dismissing their petition to review an adverse

decision of the Labor and Industry Review Commission.[1] The appellants argue that the circuit court clerk abused its discretion when it failed to file the petition on the day it was received because it was unaccompanied by the requisite filing fee. We conclude that there was no abuse of discretion and affirm the trial court's ruling that the petition was not timely filed.

The issue presented requires the application of a set of undisputed facts to a legal standard. This is a question of law, which we review without deference to the trial court. *Nottelson v. DILHR,* 94 Wis. 2d 106, 116, 287 N.W.2d 763, 768 (1980). Appellant's deadline for filing the petition for review was Friday, November 25. The petition was received that morning, but the required $30 filing fee was not enclosed. On Monday, November 28, the clerk's office telephoned the appellants' attorney to advise that the filing fee was missing. The petition was not stamped "filed" until the filing fee arrived on November 30. The trial court dismissed the petition on the grounds that it was untimely filed.

Pursuant to sec. 59.42(1), Stats.,[2] a circuit court clerk has discretion to refuse to accept for filing any paper without payment of the prescribed filing fee. *Rome v. Betz,* 120 Wis. 2d 528, 530, 355 N.W.2d 844, 845 (Ct. App. 1984). The clerk may "extend credit" but is not obliged to do so and does so at his or her own risk.

---

[1]This is an expedited appeal pursuant to Rule 809.17.

[2]Section 59.42(1) provides: "The clerk of the circuit court shall collect the fees prescribed in ss. 814.60 to 814.63. The clerk may refuse to accept any paper for filing or recording until the fee prescribed in subch. II of ch. 814 or any applicable statute is paid."

*Hamilton v. DILHR,* 56 Wis. 2d 673, 203 N.W.2d 7 (1973). █

Both parties contend that it is the practice of the Marathon County Clerk of Court not to file pleadings in civil actions until the filing fee is paid. The record is unequivocal that the clerk's office acted expeditiously in notifying the appellants of their error, and filing the petition upon receipt of the fee. We conclude that the record discloses no abuse of discretion.

Contrary to the appellants' arguments, the cases relied upon require no different result. In *Hamilton,* 56 Wis. 2d at 682, 203 N.W.2d at 11–12, the circuit court clerk received a petition for filing on the twenty-fifth day of a thirty-day filing period, but waited fifteen days to advise that the filing fee had increased by $3. The Wisconsin Supreme Court observed that although sec. 59.42 gives the clerk discretion, it was unreasonable to wait fifteen days before exercising it. Here, there is no allegation of delay, and *Hamilton,* therefore, is readily distinguishable on its facts.

We also conclude that *Douglas v. Dewey,* 147 Wis. 2d 328, 433 N.W.2d 243 (1989), does not control because it involves appellate procedure pursuant to ch. 809, Stats. *Douglas* held that the notice of appeal is filed on the date the clerk of the trial court receives it, even though there was no contemporaneous payment of the $150 filing fee. *Id.* at 331, 433 N.W.2d at 243. It concluded that the applicable statutory mandate did not require payment to initiate the appeal, and that sec. 809.25(2)(c)[3] conferred discretion to refuse a notice of appeal without a docketing fee on the clerk of the court

---

[3]Section 809.25(2)(c) provides: "The clerk may refuse to file, docket, record, certify, or render any other service without pre-payment of the fees established by this section."

of appeals, not on the circuit court clerk. *Id.* at 338, 433 N.W.2d at 246. *Douglas* concluded that sec. 59.42(1), referring to the discretion of the clerk of the circuit court, did not apply to appellate practice.

While the court held that the legislature intended a uniform appellate procedure across the state, *Id.* at 339–40, 433 N.W.2d at 247, we conclude that sec. 59.42(1) does not require such uniformity. Rather, sec. 59.42(1) requires each circuit court clerk to exercise his or her discretion within the respective circuit. Although this may result in some inconsistencies among various counties, the plain language of the statute compels this result.[4] When the statutory language is clear, it is not the function of this court to rewrite legislation. *State ex rel. Badtke v. School Bd.,* 1 Wis. 2d 208, 213, 83 N.W.2d 724, 727 (1957).

The record fails to demonstrate any abuse of discretion by the circuit court clerk due to her regular practice of not accepting papers for filing unaccompanied by a fee. There is no allegation that the clerk performed her duty in an arbitrary or discriminatory manner. There is no assertion of delay, and the practice is reasonably related to an orderly practice of collection of prescribed fees. Because the record reflects the policy applied uniformly to everyone, we find no abuse of discretion.[5]

---

[4]We recognize that sec. 59.42 does not apply to appeals to state agencies, which are governed by separate statutory procedure. For example, *see* sec. 73.01(5), Stats., governing petitions to the tax appeals commission where the filing with the clerk of the document, not the fee, controls the filing date.

[5]Because it was not presented by the facts of this case, we do not address the issue of whether a clerk abuses his or her discretion by applying the policy regarding filing papers without a fee inconsistently or irregularly within the clerk's own circuit.

The parties agree that the fee did not arrive until November 30, which resulted in a filing beyond the thirty-day time limit. Failure to timely file requires dismissal for lack of subject matter jurisdiction. *Kegonsa Joint Sanitary Dist. v. City of Stoughton,* 87 Wis. 2d 131, 150, 274 N.W.2d 598, 607 (1979).

*By the Court.*—Judgment affirmed.