STATE of Wisconsin EX REL. Curtis STELDT, Jr., Petitioner-Appellant,

v.

Gary R. MCCAUGHTRY, Warden, and Jon Litscher, Secretary, Department of Corrections, Respondents-Respondents. [Case No. 99–2000]

STATE of Wisconsin EX REL. Robert A. POND, Petitioner-Appellant,

v.

Jon E. LITSCHER, Secretary, Department of Corrections, Respondent-Respondent. [Case No. 99–2001]

STATE of Wisconsin EX REL. Willie MCKINLEY, Petitioner-Appellant,

v.

Ken SONDALLE, Superintendent, Respondent-Respondent. [Case No. 99–2110]

Court of Appeals

*Nos. 99–2000, 99–2001, 99–2110. Submitted on briefs March 3, 2000.—Decided July 27, 2000.*

2000 WI App 176

(Also reported in 617 N.W.2d 201.)

■

On behalf of the petitioner-appellant, Curtis Steldt, Jr., the cause was submitted on the briefs of *Curtis Steldt, Jr.*, pro se, of Waupun.

On behalf of the petitioner-appellant, Robert A. Pond, the cause was submitted on the briefs of *Mark S. Rosen* of *Rosen and Holzman* of Waukesha.

On behalf of the petitioner-appellant, Willie McKinley, the cause was submitted on the brief of *Willie McKinley*, pro se, of Portage.

On behalf of the respondents-respondents, Gary R. McCaughtry and Jon Litscher, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Stan Davis*, assistant attorney general.

On behalf of the respondent-respondent, Ken Sondalle, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Michael D. Oeser*, assistant attorney general.

Before Dykman, P.J., Eich and Roggensack, JJ.

¶ 1. DYKMAN, P.J. Curtis Steldt, Jr., Robert A. Pond, and Willie McKinley appeal from orders dismissing their petitions for certiorari review of prison disciplinary committees' decisions. The circuit court found that Steldt, Pond, and McKinley failed to comply with the forty-five-day filing deadline. They argue that the trial court erred by concluding that, even though the clerk of courts received the petitions within the required forty-five days, the petitions could not be considered filed until the clerk either received the filing fee or a waiver of fees was granted. We agree that prisoners seeking to petition for certiorari review without

395

payment of the filing fees due to indigency should not be prejudiced by delays in obtaining a fee waiver or making the appropriate payments over which the prisoners have no control. Therefore, we reverse and remand with directions to reinstate Steldt's, Pond's, and McKinley's certiorari actions.

## I. Background

¶ 2. We consolidated these appeals because each involves similar fact patterns giving rise to application of the forty-five-day time limit for filing a petition for a writ of certiorari adopted by the Prisoner Litigation Reform Act (PLRA).[1] *See* WIS. STAT. § 893.735(2) (1997–98);[2] 1997 Wis. Act 133, § 38. Section 893.735 provides, in part:

> (2) An action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues. The 45-day period shall begin on the date of the decision or disposition, except that the court may extend the period by as many days as the prisoner proves have elapsed between the decision or disposition and the prisoner's actual notice of the decision or disposition. Subject to no contact requirements of a court or the department of corrections, a prisoner in administrative confinement, program segregation or adjustment segregation may communicate by 1st class mail, in accordance with department of corrections' rules or with written policies of the custodian of the prisoner, with a

---

[1] On August 10, 1999, we consolidated Steldt's and Pond's cases on the appellants' motion. On March 3, 2000, we consolidated those cases with McKinley's case on our own motion.

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

3rd party outside the institution regarding the action or special proceeding.

(3) In this section, an action seeking a remedy available by certiorari is commenced at the time, that the prisoner files a petition seeking a writ of certiorari with a court.

¶ 3. The adjustment committee at the Waupun Correctional Institution found Steldt, an inmate, guilty of several disciplinary offenses. The corrections complaint examiner recommended dismissal of Steldt's complaint that his disciplinary hearing violated due process because it was held beyond the twenty-one-day time limit established in WIS. ADMIN. CODE § DOC 303.76(3). On September 1, 1998, the Secretary of the Department of Corrections accepted the complaint examiner's recommendation and dismissed Steldt's complaint. Steldt claims that he did not receive the Secretary's decision until September 16, 1998, as evidenced by a date stamp on the copy of the decision in the record.

¶ 4. Assuming that Steldt did not receive the Secretary's decision until September 16, his forty-five-day period to file his certiorari action ended on October 31, 1998. *See* WIS. STAT. § 893.735(2). On October 15, 1998, Steldt's petition for a writ of certiorari was received by the clerk of the Dodge County Circuit Court. The clerk did not file the petition that day, but date stamped the petition and accompanying documents indicating they were "Received Oct 15 1998." With his petition, Steldt included a petition for a fee waiver and an affidavit of indigency, a copy of his prison trust account statement, a form order for the trial court to complete regarding his fee waiver, and an authorization to withhold money from Steldt's prison account. On November 4, 1998, the trial court completed and signed the form order, deny-

ing Steldt's petition for the fee waiver because his prison account contained $130.47 and the fee for a petition for a writ of certiorari was only $122.[3] Apparently, the $122 fee was paid on December 2, 1998, because the clerk stamped Steldt's petition as filed on that date. On June 21, 1999, the trial court ordered that Steldt's petition be dismissed and the writ of certiorari quashed because Steldt's petition was not filed until the court received the filing fee on December 2, 1998, beyond the forty-five-day time limit.[4] Steldt appeals.

¶ 5. Pond, also an inmate at Waupun Correctional Institution, filed an inmate complaint contending that he was being excluded from a "step program" that allows inmates to move from program segregation to the general population of the prison. On November 4, 1998, the Secretary accepted the complaint examiner's recommendation to dismiss Steldt's complaint.

¶ 6. Pond's forty-five-day period to file a petition for a writ of certiorari regarding the Secretary's decision ended on December 19, 1998. A date stamp on Pond's petition indicates that the clerk of courts for Dodge County received it on December 14, 1998. On January 6, 1999, the trial court signed a form order granting Pond's petition for a fee waiver provided that Pond pay $4.82, the balance of Pond's prison trust

---

[3] The prison trust account statement in the record indicates that Steldt had $0.06 in his "regular" account and $130.41 in his "release" account.

[4] The trial court concluded that Steldt's cause of action accrued on September 1, 1998. Whether it accrued on September 1 or September 16, forty-five days had passed by the time he paid the filing fee.

account, within thirty days.[5] Pond apparently made this payment because the clerk stamped his petition for a writ of certiorari as filed on February 4, 1999.[6] On April 28, 1999, the State moved to quash the writ of certiorari, arguing that Pond had not filed his petition within the forty-five-day time limit. On June 30, 1999, the trial court granted the motion, dismissing Pond's petition and quashing the writ. The court concluded that Pond had not filed his petition until February 4, 1999. Pond appeals.

¶ 7. McKinley is currently an inmate at Columbia Correctional Institution. While he was confined at Fox Lake Correctional Institution, the adjustment committee found McKinley guilty of possessing intoxicants. In his petition for a writ of certiorari, McKinley stated that the warden at Fox Lake affirmed the committee's decision on October 26, 1998. Thus, McKinley's forty-five-day period to file a certiorari action ended on December 11, 1998.[7] The clerk of courts for Dodge County apparently received McKinley's petition for a writ of certiorari on November 30, 1998, as indicated by a date stamp stating "Received

---

[5] The trial court stated that Pond did not petition for a fee waiver until January 6, 1999. However, the record does not contain Pond's fee waiver petition or any indication of when he submitted it.

[6] Pond submitted to the trial court a copy of his January 10, 1999 disbursement request for the $4.82, which indicates that the disbursement was approved on January 12, 1999, and paid on January 13, 1999. There is no indication of when the clerk of courts received Pond's $4.82 other than the fact that his petition for writ of certiorari was filed on February 4, 1999.

[7] The forty-five days would actually have ended on December 10, 1999, a Sunday, so the deadline extended to the following day. See WIS. STAT. § 990.001(4)(b).

Nov 30 1998." McKinley claims that he submitted a proposed order for a fee waiver at the same time. While there is no evidence to directly support his claim, on December 23, 1998, the trial court signed a form order denying McKinley's petition for a fee waiver because McKinley's "accounts show a balance of $560.66." McKinley submitted the $122 in fees and the clerk of courts stamped his petition for a writ of certiorari as filed on January 19, 1999. On June 14, 1999, the State moved to quash the writ, arguing that McKinley had exceeded the forty-five-day time limit for filing his petition. On July 14, 1999, the trial court granted the motion, concluding that McKinley had not filed his petition until January 19, 1999. McKinley appeals.

## II. Analysis

¶ 8. A prisoner petitioning for a writ of certiorari can request a fee waiver on the grounds of indigency under WIS. STAT. § 814.29(1m).[8] With his or her

_____

[8] WISCONSIN STAT. § 814.29(1m) provides, in part:

(b) If a prisoner makes a request for leave to commence or defend an action, special proceeding, writ of error or appeal without being required to prepay the fees or costs or without being required to give security for costs, the prisoner shall submit all of the following:

1. The affidavit required under sub. (1) (b).

2. A certified copy of the trust fund account statement for the prisoner for the 6-month period immediately preceding the filing of the request for leave to commence or defend an action, special proceeding, writ of error or appeal, or for the period that the prisoner was incarcerated, imprisoned or detained, if that period is less than 6 months. The trust fund account statement must be obtained from the appropriate official at each facility in which the prisoner is or was incarcerated, imprisoned, confined or detained. "Trust fund account statement" includes accounts accessible to the prisoner before or upon release.

request, the prisoner must submit an affidavit of indigency and a certified copy of his or her trust fund account statement. *See* § 814.29(1m)(b). The trial court must determine whether the prisoner has insufficient assets to pay the fees and the prisoner must authorize the prison to make payments toward the fees from his or her account each time the amount in the account exceeds $10. *See* § 814.29(1m)(c). If both conditions are met, the trial court must issue an order allowing the prisoner to commence the action without prepayment of the fees. *See id.* If the prisoner has assets in his or her trust account, the court must order the prisoner to pay as much of the filing fee as is available in the account before commencing the action. *See* § 814.29(1m)(d).

¶ 9. Steldt, Pond, and McKinley (appellants) argue that their petitions for writs of certiorari and

---

(c) Except when dismissal is required under s. 801.02 (7)(d), the court shall issue an order permitting the prisoner to commence or defend an action, special proceeding, writ of error or appeal without the prepayment of fees or costs or without being required to give security for costs if all of the following conditions are met:

1. The court determines that the prisoner does not have assets or other means by which to pay the fees or costs or to give security for the costs after reviewing the information provided under par. (b).

2. The prisoner authorizes in writing the agency having custody of the prisoner's prison trust fund account to forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the fees or costs are paid in full.

(d) If the court determines that the prisoner who made the affidavit does have assets in a trust fund account, whether accessible to the prisoner only upon release or before release, the court shall order an initial partial filing fee to be paid from that trust fund account before allowing the prisoner to commence or defend an action, special proceeding, writ of error or appeal. The initial filing fee shall be the current balance of the prisoner's trust fund account or the required filing fee, whichever is less.

401

requests for fee waivers were "filed" in compliance with the forty-five-day deadline at the time the clerk of courts for Dodge County received them. The appellants point out that, once the clerk receives a prisoner's petition for a writ of certiorari and request for a fee waiver, the clerk must forward the fee waiver to the trial court for consideration. The prisoner has no control over the time between when the clerk receives the fee waiver request and when the trial court issues an order either allowing the prisoner to proceed without prepayment of the fees or requiring the prisoner to pay all or part of the fee from his or her prison trust account. Thus, the appellants argue that a prisoner's petition for a writ of certiorari should be filed when the clerk receives it along with the request for a fee waiver. In the alternative, the appellants argue that the forty-five-day time limit should be tolled to allow for the time it takes for the court to consider the request for a fee waiver and issue an appropriate order.

¶ 10. The State contends that a prisoner's petition for a writ of certiorari should not be considered filed for purposes of WIS. STAT. § 893.735 until the clerk receives the filing fee. The State points out that WIS. STAT. § 59.40(3)(a) provides that "[t]he clerk of the circuit court shall collect the fees that are prescribed in ss. 814.60 to 814.63. The clerk may refuse to accept any paper for filing or recording until the fee prescribed in subch. II of ch. 814 or any applicable statute is paid." Thus, the State argues that the clerk has the discretion to refuse to file a prisoner's petition for a writ of certiorari until the prisoner pays the filing fee or obtains a court order waiving the fees.[9]

---

[9] The State also argues that, under WIS. STAT. § 801.02(6), a "clerk of court must be paid the filing fee at the time of filing." *State ex rel. Staples v. DHSS*, 130 Wis. 2d 285, 287, 387 N.W.2d

¶ 11. To determine the point at which a petition for a writ of certiorari is filed for purposes of satisfying the forty-five-day deadline, we must interpret and apply WIS. STAT. §§ 893.735, 814.29(1m), and 59.40(3)(a). The interpretation and application of statutes present questions of law that we review de novo. *See State v. Hughes*, 218 Wis. 2d 538, 543, 582 N.W.2d 49 (Ct. App. 1998). When we interpret a statute, our purpose is to ascertain the intent of the legislature and give it effect. *See State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177 (Ct. App. 1992). Our first step is to examine the language of the statute and, absent ambiguity, give the language its ordinary meaning. *See id.* at 225–26. If the language is ambiguous, we examine the scope, history, context, subject matter, and purpose of the statute in order to determine the legislative intent. *See id.* at 226. "Statutory language is ambiguous if reasonable people could disagree as to its meaning." *Id.* Ambiguity can be found in the words of a statutory provision itself, or in the words of the provision "as they interact with and relate to

118 (Ct. App. 1986). Section 801.02(6) provides that "[f]ees payable upon commencement of a civil action shall be paid to the clerk at the time of filing." The State points out that the trial court in *Staples* refused to find Staples indigent, and we stated that such a finding prevented Staples from commencing his certiorari action until he paid the filing fee. *Staples*, 130 Wis. 2d at 287. However, unlike Staples, the appellants each eventually paid the filing fee required by the trial court. We conclude that neither § 801.02(6) nor *Staples* addresses the issue of whether a prisoner seeking to commence a certiorari action without payment of the filing fees due to indigency must submit the appropriate filing fee or a court order waiving fees within the forty-five-day deadline.

other provisions in the statute and to other statutes." *State v. Sweat*, 208 Wis. 2d 409, 416, 561 N.W.2d 695 (1997).

¶ 12. The applicable provisions of WIS. STAT. §§ 893.735 and 59.40(3) are unambiguous when considered alone. Section 893.735(2) clearly provides that a prisoner is barred from bringing a certiorari action unless it is "commenced within 45 days after the cause of action accrues." Section 893.735(3) explains that a certiorari action "is commenced at the time that the prisoner *files* a petition seeking a writ of certiorari with a court." (Emphasis added). Finally, § 59.40(3) unambiguously gives a circuit court clerk the "discretion to refuse to accept for filing any paper without payment of the prescribed filing fee." *Giese v. LIRC*, 153 Wis. 2d 212, 214, 450 N.W.2d 489 (Ct. App. 1989).[10]

¶ 13. However, we conclude that the applicable provisions of WIS. STAT. §§ 893.735 and 59.40(3) are ambiguous in their relationship with WIS. STAT. § 814.29(1m). Under § 893.735, a prisoner must file a petition for a writ of certiorari within forty-five days after the cause of action accrues. It is also clear that, under § 59.40(3), the clerk of circuit court may refuse to file any paper without the appropriate filing fee. It is not clear from the language of those statutes, however, whether the legislature intended to require a prisoner requesting a fee waiver for his or her certiorari action to still submit the required fee within the forty-five days. As the State points out, it might be reasonable to conclude that the legislature intended the three statutes to work together such that a prisoner must either

---

[10] In *Giese v. LIRC*, 153 Wis. 2d 212, 214, 450 N.W.2d 489 (Ct. App. 1989), we interpreted what was then WIS. STAT. § 59.42(1) (1987–88). In 1995 Wis. Act 201, § 325, the legislature renumbered § 59.42 as WIS. STAT. § 59.40(3).

submit the required fee or obtain an order waiving fees within the forty-five days. However, it could also be reasonably argued that the legislature did not intend to hold indigent prisoners to a more strict standard than prisoners who could afford to pay their filing fees. Under the State's interpretation, an indigent prisoner who had to request and await a court order waiving the fees would effectively have less time to file than a prisoner who could simply pay the fees at the time he or she filed a petition for writ of certiorari. Since the intent of the legislature regarding the relationship of these three statutes is not clear from their language, we must extend our analysis.

¶ 14. In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court addressed the difficulties prisoners face in meeting filing deadlines. In *Houston*, the Court held that a pro se prisoner's notice of appeal in the federal court system was considered filed at the time the prisoner delivered it to prison authorities to be mailed to the court clerk. *Id.* at 276. The Court explained:

> [Pro se] prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands

of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it. Pro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them. Worse, the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the pro se prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped "filed" on time.

*Id.* at 270–71. Unlike *Houston*, we do not address the situation of a prisoner whose notice of appeal or petition may not have been received by the clerk of courts within the applicable time period. *See id.* at 268–69. The records in appellants' cases demonstrate that the clerk of courts received their petitions within the forty-five-day deadline. However, a prisoner seeking a fee waiver in a certiorari action faces many of the same difficulties as the prisoner in *Houston*.

¶ 15. As the Court explained in *Houston*, prisoners seeking to file legal actions face many obstacles over which they have no control. *See id.* at 270–71. In particular, Wisconsin prisoners seeking a fee waiver first must submit an affidavit of indigency and a statement of their trust account. *See* WIS. STAT. § 814.29(1m)(b). The prisoners must then await a court order either allowing them to proceed without paying

the filing fees or requiring them to pay as much of the filing fee as is available in their trust account. *See* § 814.29(1m)(c) and (d). Prisoners who have enough money to pay the filing fee in their "release" accounts, but not their "general" accounts, must still await a court order allowing them to access those funds, because the use of "release" account funds is otherwise restricted by WIS. ADMIN. CODE § DOC 309.466(2). *See State ex rel. Coleman v. Sullivan*, 229 Wis. 2d 804, 809, 601 N.W.2d 335 (Ct. App. 1999). As seen in the appellants' cases, a prisoner who submits a petition for a writ of certiorari within the forty-five-day deadline may be forced to watch the forty-five days pass while he or she awaits the trial court's decision regarding a fee waiver.

¶ 16. We do not agree with the State's interpretation of WIS. STAT. §§ 893.735, 814.29(1m), and 59.40(3). In enacting § 893.735, the legislature shortened the deadline for a prisoner filing a certiorari petition from six months to forty-five days. *See State ex rel. Collins v. Cooke*, 2000 WI App 101, ¶ 4, 235 Wis. 2d 63, 611 N.W.2d 774. In shortening the deadline for all prisoners filing petitions for writs of certiorari, however, the legislature did not indicate that it intended to eliminate an indigent prisoner's ability to file such actions. If, as the State asserts, indigent prisoners must present the clerk of courts with either the complete filing fee or an order allowing them to proceed with no fee or a partial fee, many will be effectively denied an opportunity to petition for certiorari review. While we acknowledge that circuit court clerks have the discretion to refuse to file any paper without payment of the appropriate fees, it is unreasonable for that discretion to be exercised in a manner that denies prisoners their ability to bring certiorari actions.

¶ 17. Therefore, we must interpret WIS. STAT. §§ 893.735, 814.29(1m), and 59.40(3) in a manner that accounts for both the discretion of the clerks of court and the lack of control that prisoners have over many of the steps needed to file a certiorari action within forty-five days. We conclude that, for a prisoner seeking to file a certiorari action without payment of the fees due to indigency, the forty-five-day deadline is tolled once the clerk of court receives the petition for a writ of certiorari, the request for a fee waiver, the affidavit of indigency, and the certified copy of the prisoner's trust account statement, provided that the prisoner has authorized the prison to make any appropriate payments toward the filing fees from his or her accounts.[11] At that point, the time taken by the court to determine whether the prisoner must pay any fees before proceeding is out of the prisoner's control.

¶ 18. If the court orders that the prisoner be allowed to proceed without prepayment of the fees, then the certiorari action should be considered filed on the date of that order.[12] If the court finds that the prisoner has funds available in his or her trust accounts and orders the prisoner to pay as much of the fees as is available in those accounts, the time limit

---

[11] In this case, we do not address the situation where a prisoner gives his petition for a writ of certiorari to prison authorities for mailing within the forty-five-day deadline, but the deadline expires before the clerk of courts receives it because of delay on the part of the prison. That issue is raised in *State ex rel. Shimkus v. Sondalle*, 2000 WI App 238, presently pending before this court.

[12] An order allowing a prisoner to proceed without prepayment of filing fees should have the same effect as the clerk of court's receipt of full payment for the fees under WIS. STAT. § 59.40(3).

begins to run again once the prisoner receives a copy of the order. Finally, the certiorari action should be considered filed on the date the prisoner requests a disbursement of the ordered amount from his or her prison accounts, because at that point the payment to the clerk of courts is in the control of the prison.

## III. Conclusion

¶ 19. Our interpretation of WIS. STAT. §§ 893.735, 814.29(1m), and 59.40(3) requires the clerk of courts, the prison, or the prisoner to record the various dates that will toll or restart the forty-five-day time limit. The records in the appellants' cases demonstrate that the clerk of courts received their petitions for writs of certiorari within forty-five days of the accrual of their causes of action. However, there is no evidence in the record of several of the other dates that are crucial to the analysis. Furthermore, at the time they filed their petitions, the appellants did not know of our conclusion regarding how a prisoner seeking to commence a certiorari action without payment of the filing fees can comply with the forty-five-day filing deadline. It would be unfair to hold the appellants to a standard of which they were unaware. We conclude that our analysis should apply only in these and future cases.

¶ 20. Considering that the appellants each submitted their petitions for writs of certiorari within the forty-five-day deadline and apparently complied with subsequent court orders regarding the amount of fees they were to pay, we reverse the trial court's determinations that the appellants had exceeded the time limit for filing their petitions. We remand with directions to reinstate the appellants' certiorari actions.

¶ 21. Finally, Steldt argues that the trial court erred by not concluding that the prison violated his right to procedural due process when it failed to complete his disciplinary hearing within the twenty-one days required by WIS. ADMIN. CODE § DOC 303.76(3). McKinley contends that the trial court erred by failing to reverse the decision of the prison adjustment committee when the prison did not return the record of the disciplinary proceedings within thirty days of service of the writ of certiorari. The trial court did not address these issues before dismissing Steldt's and McKinley's petitions for failing to meet the time deadline. We have directed that the appellants' certiorari actions be reinstated, and we need not address these issues before the trial court has an opportunity to do so.

*By the Court.*—Orders reversed and causes remanded with directions.