STATE of Wisconsin, Plaintiff-Respondent,

v.

William Allen WISTH, Defendant-Appellant.†

Court of Appeals

*No. 2008AP1748–CR. Submitted on briefs February 5, 2009.*
*—Decided March 31, 2009.*

2009 WI App 53

(Also reported in 766 N.W.2d 781.)

† Petition to review denied 9/21/09.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jeremy C. Perri*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Christine A. Remington*, assistant attorney general.

Before Fine, Kessler and Brennan, JJ.

¶ 1. KESSLER, J. William Allen Wisth appeals from a judgment of conviction for one felony count of issuing a worthless check, contrary to Wɪs. Sᴛᴀᴛ. § 943.24(2) (2003–04).[1] Wisth raises a single issue on appeal: whether the trial court erroneously denied his request to substitute the assigned judge pursuant to Wɪs. Sᴛᴀᴛ. § 971.20(5), where Wisth's request was made prior to sentencing after his probation was revoked. We conclude that § 971.20(5) allows for substitution only prior to the time the defendant is determined to be guilty or not guilty, whether by a factfinder or based on a guilty or no-contest plea.

## BACKGROUND

¶ 2. Wisth pled guilty to one felony count of issuing a worthless check. The Honorable Jeffrey A. Conen accepted Wisth's plea and found him guilty. Due to court congestion, the Honorable Karen E. Christenson conducted the sentencing hearing. The court withheld sentence and placed Wisth on probation for three years, ordering ten months of jail time as a condition of probation. About two years later, Wisth's probation was revoked and sentencing was scheduled before the Honorable Daniel L. Konkol, who was assigned the case pursuant to judicial rotation.

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

¶ 3.   Wisth filed a request for substitution pursuant to Wis. Stat. § 971.20(5).[2] The trial court denied the request on grounds that § 971.20(5) provided a basis for substitution only prior to trial, and not for a sentencing after revocation.[3] This appeal follows.

## STANDARD OF REVIEW

¶ 4.   At issue is the interpretation of Wis. Stat. § 971.20(5). The interpretation of statutes is a question of law that this court reviews *de novo*. *State ex rel. Steldt v. McCaughtry*, 2000 WI App 176, ¶ 11, 238 Wis. 2d 393, 617 N.W.2d 201. Statutory interpretation " 'begins with the language of the statute.' " *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). " 'If the meaning of the statute is plain, we ordinarily stop the inquiry' " and apply that meaning. *Id.* (citation omitted). Relevant to a statute's plain meaning are the context in which a statute appears; the history of the statute revealed in both prior versions of

---

[2] Wisth's written request did not specify the subsection of Wis. Stat. § 971.20 on which he was relying, but he clarified at the sentencing hearing that he was seeking the substitution pursuant to § 971.20(5).

[3] The trial court also noted that the request was presented in an inappropriate form because it did not specify the applicable subsection of the statute. Because we conclude that Wis. Stat. § 971.20(5) does not provide a basis for seeking substitution after a defendant has been found guilty, we do not consider whether the trial court's order denying Wisth's request for substitution could also be affirmed based on the form of the request. *See State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997) ("An appellate court should decide cases on the narrowest possible grounds.").

the statute and legislative amendments to the statute; and prior case law interpreting the statute. *Berkos v. Shipwreck Bay Condo. Ass'n*, 2008 WI App 122, ¶ 8, 313 Wis. 2d 609, 758 N.W.2d 215.

## DISCUSSION

¶ 5. We begin our analysis with WIS. STAT. § 971.20(5), the substitution statute at issue in this case, which provides:

SUBSTITUTION OF TRIAL JUDGE SUBSEQUENTLY ASSIGNED. If a new judge is assigned to the trial of an action and the defendant has not exercised the right to substitute an assigned judge, a written request for the substitution of the new judge may be filed with the clerk within 15 days of the clerk's giving actual notice or sending notice of the assignment to the defendant or the defendant's attorney. If the notification occurs within 20 days of the date set for trial, the request shall be filed within 48 hours of the clerk's giving actual notice or sending notice of the assignment. If the notification occurs within 48 hours of the trial or if there has been no notification, the defendant may make an oral or written request for substitution prior to the commencement of the proceedings.

The trial court held, and the State argues on appeal, that the language "[i]f a new judge is assigned *to the trial of an action*," *see id.* (emphasis added), limits substitution to those cases where substitution is sought prior to a trial in the case. The State explains that there are policy reasons why the legislature would allow substitution prior to trial, but not after trial:

After trial and conviction, the defendant is no longer presumed innocent. Therefore, the liberty interest of the defendant does not need as much protection. For reasons of judicial economy, the legislature may have chosen to grant more rights to a defendant still facing trial, rather than a defendant who had already been convicted.

¶ 6. In contrast, Wisth argues that the phrase "trial of an action" used in WIS. STAT. § 971.20(5) is not so limited. He explains that § 971.20(1) defines "action," as used in § 971.20, as "all proceedings before a court from the filing of a complaint to final disposition at the trial level." Wisth argues that at the time the new judge was assigned in his case, there was not yet a final disposition at the trial level, so he was entitled to seek substitution pursuant to § 971.20(5).

¶ 7. First, we give the word "trial" its plain meaning. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2439 (unabr. 1993) defines "trial" as "the formal examination of the matter in issue in a cause before a competent tribunal for the purpose of determining such issue" and "the mode of determining a question of fact in a court of law." BLACK'S LAW DICTIONARY 1543 (8th ed. 2004) defines "trial" as "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding." These definitions describe the process by which a court presides over the determination of facts —whether the ultimate factfinder is the court or the jury—and applies the law to those facts. As applied to criminal proceedings, the "issue" or "legal claim" is whether the defendant is guilty or not guilty. The trial court is the "competent tribunal" before which the "issue" or "legal claim" is examined. *See* WEBSTER'S THIRD NEW INT'L DICTIONARY 2439 (unabr. 1993); BLACK'S LAW DICTIONARY 1543 (8th ed. 2004). When the issue of guilt or lack of guilt is resolved, a criminal "trial" is complete.

¶ 8. Our interpretation of the word "trial" is consistent with the rule of statutory construction that " 'meaning should be given to every word, clause and sentence in the statute, and a construction which would make part of the statute superfluous should be avoided

724

wherever possible.' " *See Hutson v. State Pers. Comm'n,* 2003 WI 97, ¶ 49, 263 Wis. 2d 612, 665 N.W.2d 212 (citation omitted). Were we to adopt Wisth's interpretation of the statute—that a defendant can seek substitution when a new judge is assigned at any time prior to sentencing—the word "trial" would be rendered meaningless and the meaning that Wisth proposes would permit substitution at any stage after determination of guilt, no matter how remote in time or substance from that determination.

¶ 9.   In addition, the word "trial" appears twice more in the same subsection. *See* Wis. Stat. § 971.20(5) ("If the notification occurs within 20 days *of the date set for trial . . . .*"; "If the notification occurs within 48 hours *of the trial . . . .*") (emphasis added). These references clearly contemplate that the case remains scheduled for determination of whether a defendant is guilty or not guilty, not that the next proceeding will be an event following the determination of guilt, such as sentencing after revocation. Thus, the context of the phrase "assigned to the trial of an action" adjacent to other references to "trial" reinforces our conclusion that § 971.20(5) permits substitution when a new judge is assigned to the case prior to the determination of guilt or lack of guilt, but not thereafter. *See Berkos*, 313 Wis. 2d 609, ¶ 8 (context is relevant to statute's plain meaning).

¶ 10.   Finally, as noted, "the history of the statute revealed in prior versions of the statute and legislative amendments to the statute" are relevant to the statute's plain meaning. *See id.* Here, the history of Wis. Stat. § 971.20 is instructive. "Prior to the adoption of the Criminal Procedure Code, it was necessary to file an affidavit of prejudice in a criminal suit, but by virtue of sec. 971.20, effective July 1, 1970, an accused may

725

disqualify a judge and obtain a substitute judge without alleging prejudice." *State v. Garner*, 54 Wis. 2d 100, 102–03, 194 N.W.2d 649 (1972). Section 971.20 (1969–70) provided in relevant part:

> **Substitution of judge.** (1) The defendant may file with the clerk a written request for a substitution of a new judge for the judge assigned to the trial of that case. Such request shall be signed by the defendant personally and shall be made before making any motion or before arraignment.

In 1976, the legislature amended § 971.20(1), explicitly addressing for the first time the substitution of a subsequently assigned judge. *See* 1975 Wis. Laws, ch. 149. The amended subsection read in its entirety:

> **Substitution of judge.** (1) The defendant may file with the clerk a written request for a substitution of a new judge for the judge assigned to the trial of that case. Such request shall be signed by the defendant personally and shall be made before making any motion or before arraignment, *except that whenever a new judge is assigned to a case in place of the original judge, other than under this section, then a request for a substitution of judges may be made at any time before making any motion before such new judge or before commencement of any proceeding before such new judge.*

Sec. 971.20(1) (1975–76) (emphasis added).

¶ 11. The 1976 amendment was short-lived. Just shy of two years later, WIS. STAT. § 971.20(1) was amended again. *See* 1977 Wis. Laws, ch. 449 § 486. The revised statute provided:

> **Substitution of judge.** (1) The defendant or the defendant's attorney may file with the clerk a written request for a substitution of a new judge for the judge assigned to the trial of that case. The request shall be

726

signed by the defendant or the defendant's attorney personally and shall be made before making any motion or before arraignment. *If a new judge is assigned to the trial of a case, a request for substitution must be made within 10 days of receipt of notice of assignment, provided that if the notice of assignment is received less than 10 days prior to trial, the request for substitution must be made within 24 hours of receipt of the notice and provided that if notification is received less than 24 hours prior to trial, the action shall proceed to trial only upon stipulation of the parties that the assigned judge may preside at the trial of the action.*

Sec. 971.20(1) (1977–78) (emphasis added). With this language, the legislature began referring to the new judge "assigned to *the trial of* a case," *see id.* (emphasis added), as opposed to being "assigned to a case," *see* § 971.20(1) (1975–76).

¶ 12. In 1981, the legislature repealed and recreated WIS. STAT. § 971.20, and in doing so, moved from § 971.20(1) to § 971.20(5) the provision and much of the language related to seeking substitution of a new judge. *See* 1981 Wis. Laws, ch. 137 § 3. The new statute provided:

SUBSTITUTION OF TRIAL JUDGE SUBSEQUENTLY ASSIGNED. If a new judge is assigned to the trial of an action and the defendant has not exercised the right to substitute an assigned judge, a written request for the substitution of the new judge may be filed with the clerk within 15 days of the clerk's giving actual notice or sending notice of the assignment to the defendant or the defendant's attorney. If the notification occurs within 20 days of the date set for trial, the request shall be filed within 48 hours of the clerk's giving actual notice or sending notice of the assignment. If the notification occurs within 48 hours of the trial or if there has been no

727

notification, the defendant may make an oral or written request for substitution prior to the commencement of the proceedings.

Sec. 971.20(5) (1981–82). This subsection has not subsequently been amended.

¶ 13. This history of WIS. STAT. § 971.20(5) is instructive. The 1976 amendment permitted a request for substitution of a subsequently appointed judge, without limitation by a pending trial, provided the request came before "any proceeding" before the new judge. However, the 1977 amendment limited the time when such requests could be made to specific times before the trial actually began. The 1977 limitations were retained when the statute was repealed and recreated in 1981. *See* § 971.20(5) (1981–82). Thus, the history of amendments to § 971.20(5) demonstrates a legislative intent to limit substitutions of newly assigned judges to requests prior to trial.

■

¶ 14. We conclude that the plain meaning of WIS. STAT. § 971.20(5) is that substitution is permitted only prior to trial. When the issue of guilt or lack of guilt is resolved, a criminal "trial" is complete for purposes of this statute. Section 971.20(5) did not provide authority for Wisth to seek a substitution prior to his sentencing after revocation. Therefore, we affirm the judgment.

*By the Court.*—Judgment affirmed.