STATE of Wisconsin EX REL. Leonard COLLINS, Petitioner-Appellant,

v.

Marianne A. COOKE, Respondent-Respondent.

Court of Appeals

*No. 99–1212. Submitted on briefs January 21, 2000.—Decided April 5, 2000.*

## 2000 WI App 101

(Also reported in 611 N.W.2d 774.)

On behalf of the petitioner-appellant, the cause was submitted on the brief of *Leonard Collins*, pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Stan Davis*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1. SNYDER, J.   Leonard Collins appeals from an order dismissing his certiorari petition because he failed to commence his action within forty-five days of the date of the government decision as required by WIS. STAT. § 893.735(2) (1997–98).[1] Collins contends that the circuit court wrongly interpreted § 893.735 because it only applies to certiorari actions made "on behalf of a prisoner," not by the prisoner himself or herself. We reject Collins's narrow reading of the law and conclude that any petition for writ of certiorari under § 893.735 must be made within forty-five days of the government's decision, regardless of whether the petition is filed by the prisoner or by his or her counsel. We therefore affirm the circuit court's order.

¶ 2.   On January 21, 1999, Collins filed a pro se certiorari action requesting relief from decisions of the disciplinary committee and the Program Review Committee (PRC) at Kettle Moraine Correctional Institution. Disciplinary action against Collins was initiated when he made threatening remarks in an August 13, 1998 appeal to the Office of Offender Classi-

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

fication (OOC) after the PRC recommended that he be transferred out of state. The OOC affirmed the PRC's recommendation. The PRC then reviewed Collins's remarks and ultimately recommended continued medium-custody placement and possible transfer to an out-of-state facility. After unsuccessfully appealing the PRC's decision, Collins submitted several complaints through the Inmate Complaint Review System (ICRS) regarding the procedures used during his PRC review and his placement in temporary lockup. The Secretary of the Department of Corrections dismissed the last of these complaints on November 25, 1998.[2]

¶ 3.   After Collins filed his petition for writ of certiorari, the circuit court dismissed his action for want of jurisdiction because he had failed to meet the forty-five-day filing deadline.

¶ 4.   WISCONSIN STAT. § 893.735 governs when an action by a prisoner challenging a governmental decision or disposition must be commenced. Section 893.735 was created pursuant to 1997 Wis. Act 133, § 38, which became effective as to matters pending on

---

[2] The record contains four ICRS complaints: KMCI 98–1770, filed on August 28, 1998; KMCI 98–1823, filed on September 2, 1998; KMCI 98–1903, signed on September 30, 1998; and KMCI 98–2035, filed on October 2, 1998. Kettle Moraine Correctional Institution Warden Marianne A. Cooke dismissed each of the complaints in September and October 1998 (the last dismissal date was October 6, 1998). The Secretary of the Department of Corrections dismissed the complaints on October 19, 1998 (KMCI 98–1823), November 2, 1998 (KMCI 98–1770), November 4, 1998 (KMCI 98–1903), and November 25, 1998 (KMCI 98–2035).

or after September 1, 1998.[3] Section 893.735 provides in pertinent part:

    (2) *An action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues.* The 45-day period shall begin on the date of the decision or disposition, except that the court may extend the period by as many days as the prisoner proves have elapsed between the decision or disposition and the prisoner's actual notice of the decision or disposition. Subject to no contact requirements of a court or the department of corrections, a prisoner in administrative confinement, program segregation or adjustment segregation may communicate by 1st class mail, in accordance with department of corrections' rules or with written policies of the custodian of the prisoner, with a 3rd party outside the institution regarding the action or special proceeding.

    (3) In this section, an action seeking a remedy available by certiorari is commenced at the time that the prisoner files a petition seeking a writ of certiorari with a court. (Emphasis added.)

Prior to the enactment of § 893.735, the deadline for filing certiorari petitions was six months. *See State ex rel. Smith v. McCaughtry*, 222 Wis. 2d 68, 79, 586 N.W.2d 63 (Ct. App. 1998).

    ¶ 5. In the present case, all of the final decisions for which Collins seeks certiorari review were issued on

---

[3] Section 43 of 1997 Wis. Act 133 provides that the Act "applies to civil actions, special proceedings, injunctions and petitions for a common law writ of certiorari pending on the effective date of this subsection." Section 44 indicates that the Act "takes effect on the first day of the 4th month beginning after publication." Since the Act was published on May 1, 1998, it became effective on September 1, 1998.

or before November 25, 1998, and after the effective date of WIS. STAT. § 893.735. Collins's petition for writ of certiorari was filed on January 21, 1999, more than forty-five days after November 25. Accordingly, his petition is time barred. *See Giese v. LIRC*, 153 Wis. 2d 212, 217, 450 N.W.2d 489 (Ct. App. 1989) ("Failure to timely file requires dismissal for lack of subject matter jurisdiction.").

¶ 6. Collins counters that WIS. STAT. § 893.735 does "not apply to [him] when no third party filed in his behalf." Collins points out that no one other than himself filed his certiorari petition and paid the court costs; therefore, no one filed the petition on his behalf. Collins's interpretation is unacceptable. First, we note that the words "on behalf of" commonly mean "for the benefit of." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 198 (1993). Applying this simple definition to § 893.735, we see no reason why a prisoner himself or herself cannot commence an action for his or her own benefit just as a third-party attorney can bring an action for the benefit of a prisoner. The words "on behalf of" are not limited to third-party conduct. Second, if § 893.735 only applied to a prisoner's counsel, there would be no statute governing the filing deadline for prisoners acting pro se. We seriously doubt that the legislature intended to implement a deadline only for prisoners represented by counsel and not for prisoners acting pro se.

¶ 7. In this case, Collins simply missed the forty-five-day deadline for filing his certiorari petition. Whether acting pro se or with the assistance of counsel, Collins was required to strictly follow WIS. STAT. § 893.735. Because he did not, his petition must be dismissed.

*By the Court.*—Order affirmed.