STATE of Wisconsin EX REL. Mark SHIMKUS, Petitioner-Appellant,

v.

Kenneth SONDALLE, Warden, Fox Lake Correctional Institution, Respondent-Respondent.

Court of Appeals

*No. 00–0841. Submitted on briefs September 12, 2000.—Decided November 30, 2000.*

2000 WI App 262

(Also reported in 622 N.W.2d 763.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Mark Shimkus*, pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Jane A. Cronan*, assistant attorney general.

Before Vergeront and Deininger, JJ., and William Eich, Reserve Judge.

¶ 1. VERGERONT, J. Mark Shimkus, an inmate at Fox Lake Correctional Institution, appeals an order dismissing his petition for certiorari review of a prison disciplinary decision because the petition was not filed within forty-five days of his receipt of the decision as required by WIS. STAT. § 893.735

(1997–98).[1] Shimkus contends in his appellate brief, as he did in his circuit court brief, that he put the certiorari petition, along with a request for disbursement of the filing fee from his account and postage, in the institution mailbox on the thirty-sixth day from the date of his receipt of the decision. He argues that, because he had no control over the filing of the materials after that date, he has complied with the statute.

¶ 2.  Since the parties have completed briefing in this case, we have decided *Shimkus v. Sondalle*, 2000 WI App 238, 239 Wis. 2d 327, 620 N.W.2d 409, in which we held the forty-five-day time limit is tolled when a prison inmate places a certiorari petition in the institution mailbox for forwarding to the circuit court. However, we did not decide in *Shimkus* what proof an inmate needs to present to the circuit court when the inmate wishes to invoke the tolling rule of *Shimkus*. We now hold when an inmate wishes to invoke that tolling rule, the inmate must present proof, by affidavit or other evidentiary submission, of the date on which he or she placed the certiorari petition in the institution mailbox. Because Shimkus did not submit an affidavit, but relies on unsworn assertions in his briefs, and because the disbursement request form he submitted is not sufficient to prove that date, we conclude Shimkus has not established he deposited his petition in the institution mailbox before the expiration of the forty-five days. We therefore affirm.

## BACKGROUND

¶ 3.  The relevant allegations in Shimkus's petition for writ of certiorari are as follows. After a hearing

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version, unless otherwise noted.

on July 20, 1999, Shimkus was found guilty of a violation of WIS. ADMIN. CODE § DOC 303.24, disobeying orders, and WIS. ADMIN. CODE § DOC 303.28, disruptive conduct. He appealed to the warden, alleging certain errors in the proceeding, and the warden affirmed the disciplinary committee's decision. He then filed complaints with the Institution Complaint Review System, which were dismissed by the secretary of the Department of Corrections on September 21, 1999.

¶ 4. Shimkus's petition is stamped as received in the circuit court for Dodge County on November 8, 1999, and stamped as filed in the circuit court on November 16, 1999.

¶ 5. The circuit court issued a writ ordering the State to return the record of the institutional proceedings. In response, the State moved to quash the writ on the ground that the certiorari petition was not timely filed.[2] In his brief opposing the motion, Shimkus asserted that on October 27, 1999, he placed his certiorari petition in the institution mailbox, accompanied by a request to include in the mailing the filing fee for the action. Shimkus filed with his brief a carbon copy of a disbursement request, which requested a check for a filing fee in the amount of $122 be paid to the Dodge County Clerk of Courts. Shimkus's name is in the signature box, and under "date signed" is written "10/27/99." In the portion to be completed by department staff, there is a signature under "disbursement approved by" and "11/2/99" under "date signed." Under "date paid" is written "11/3/99." Shimkus argued the

---

[2] The State also contended dismissal was appropriate because Shimkus had not served the State with the required documents proving he had exhausted his administrative remedies. The circuit court did not address this argument, and we do not, because it is not necessary to a resolution of the appeal.

circuit court should consider the date he placed the petition and other materials in the institution mailbox as the date he filed the petition in circuit court, and he referred to the disbursement request as proof that date was October 27, 1999.

¶ 6. In reply the State contended Shimkus had offered no proof of when he placed the petition in the institution mailbox. In addition, the State objected to consideration of any date other than November 16, 1999, as the date of filing.

¶ 7. The circuit court concluded Shimkus had not filed the petition within forty-five days from September 21, 1999, and therefore quashed the writ and dismissed the petition.

## DISCUSSION

¶ 8. On appeal Shimkus renews his argument that we should consider the date on which he placed the certiorari petition in the institution mailbox to be the date of filing within the meaning of WIS. STAT. § 893.735(2) and (3). He also argues that date was October 27, 1999, and he therefore met the statutory requirement that the petition be filed with the court within forty-five days from the date of the decision.[3]

---

[3] WISCONSIN STAT. § 893.735 provides in part:

Action by prisoner contesting a governmental decision. (1) In this section, "prisoner" has the meaning given in s. 801.02(7)(a)2.

(2) An action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues. The 45-day period shall begin on the date of the decision or disposition, except that the court may extend the period by as many days as the prisoner proves have elapsed between the decision or disposition and the prisoner's actual notice of the decision or disposition.

¶ 9.   The interpretation of a statute and its application to a known set of facts presents a question of law, which we review de novo. *Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673 (1985).

¶ 10.   We have already addressed Shimkus's first argument in another action brought by him. We concluded in *Shimkus* that when an inmate places a certiorari petition in the institution's mailbox for forwarding to the circuit court, the forty-five-day time limit in WIS. STAT. § 893.735(2) is tolled. *Shimkus*, 2000 WI App 238 at ¶ 14.[4] We therefore turn to Shimkus's second argument—that he deposited his petition in the institution mailbox on October 27, 1999, well within

(3)   In this section, an action seeking a remedy available by certiorari is commenced at the time that the prisoner files a petition seeking a writ of certiorari with a court.

[4] In *Shimkus v. Sondalle*, 2000 WI App 238, 239 Wis. 2d 327, 620 N.W.2d 409, we decided to apply the rationale in *Houston v. Lack*, 487 U.S. 266 (1988), because we found that rationale persuasive: unlike litigants who are not incarcerated, inmates are not able to file documents with the court directly and have no control over the documents once they are delivered to the prison officials for forwarding to the court. *Shimkus*, 2000 WI App at ¶ 13. However, we did not decide that the deposit in the institution mailbox constituted "filing" within the meaning of WIS. STAT. § 893.735(2) and (3) because we recognized that there were requirements for filing a petition for certiorari in addition to the time limitation—such as paying a filing fee or establishing the right to a waiver of the fee. *See Shimkus*, 2000 WI App at ¶ 13–14. We therefore concluded that deposit of the petition in the institution mailbox for forwarding to the circuit court tolled the forty-five-day time limit but did not prevent the court from rejecting the petition for other defects, such as the failure to pay the required fee or establish the right to waiver of the fee. *Id.* at ¶ 14.

the forty-five days of September 21, 1999, the date of the secretary's decision. Shimkus points to the disbursement request form as proof of the date on which he placed the petition in the institution mailbox.

¶ 11. The State makes two responses to this argument: first, the disbursement request form is not authenticated within the meaning of WIS. STAT. § 909.01,[5] and, therefore, we may not consider it; and, second, even if we consider that document, it does not prove the date on which Shimkus deposited his petition in the institution mailbox for forwarding to the Dodge County Clerk of Courts. In *Shimkus* we addressed in a footnote the State's authentication argument with respect to the disbursement request form in that case stating:

> FN2. The State suggests in its brief that we cannot consider the disbursement authorization to which Shimkus refers because it is "unauthenticated." We note in this regard, however, that the record, presumably approved by both parties, includes a copy of a "Disbursement Request" dated September 6, 1999. And although it is not "authenticated," as the State says, it is a Department of Corrections form, it contains an approval signature, it requests that the institution pay the sum of $122 out of Shimkus's account for "Filing fee for certiorari" to the Dodge County Clerk of Courts, and it indicates that a check in that amount was issued on September 20, 1999.

---

[5] WISCONSIN STAT. § 909.01 provides:

General provision. The requirements of authentication or identification as a condition precedent to admissibility are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

*Shimkus*, 2000 WI App 238 at ¶ 3 n.2. However, we did not address in *Shimkus* the second argument the State makes here: the disbursement request form, even if admissible, is not proof of the date on which Shimkus deposited the petition in the institution mailbox.

¶ 12.　We agree with the State that the disbursement request form does not show when Shimkus deposited his petition in the institution mailbox for forwarding to the Dodge County Clerk of Courts. The form is evidence that on October 27, 1999, Shimkus signed a request for a check drawn on his account in the amount of $122 payable to the Dodge County Clerk of Courts for the filing fee for a certiorari petition; and that an officer approved the disbursement on November 2, 1999, and "paid by check" on November 3, 1999. Shimkus asks us to assume from this form that October 27, 1999, is the date on which he deposited the certiorari petition in the institution mailbox for forwarding to the Dodge County Clerk of Courts, but this form provides no basis for deciding that as a matter of law he did so. This court may not find facts, nor draw inferences from evidence when there is more than one reasonable inference. *State v. Friday*, 147 Wis. 2d 359, 370–71, 434 N.W.2d 85 (1989).[6] It may be reasonable to infer from the form that Shimkus deposited his petition in the institution mailbox on October 27, 1999, along with the disbursement request and asked the prison officials to forward the certiorari petition, along with the requested check, to the Dodge County Clerk of

---

[6] In contrast, when there is only one reasonable inference to be drawn from the evidence, the drawing of that inference is a question of law and an appellate court may draw it. *Pfeifer v. World Serv. Life Ins. Co.*, 121 Wis. 2d 567, 570–71, 360 N.W.2d 65 (Ct. App. 1984).

Courts, but that is not the only reasonable inference. It is also reasonable to infer Shimkus deposited the certiorari petition in the institution mailbox for forwarding to the Dodge County Clerk of Courts after the officer approved the disbursement and made out the check, that is, on or after November 3, 1999.

¶ 13.  In order for Shimkus's petition to be timely under the *Shimkus* rule, he must have deposited it in the institution mailbox on or before November 5, 1999. Without any evidence other than the disbursement request form, we cannot conclude as a matter of law that Shimkus did so. It is undisputed the petition was received by the Dodge County Clerk of Courts on November 8, 1999, and we take judicial notice under WIS. STAT. § 902.01 that that day was Monday. Assuming Shimkus must have placed the petition in the institution mailbox before Sunday, November 7 in order for it to arrive on November 8 at the office of the ·Dodge County Clerk of Courts, we are nevertheless not able to conclude as a matter of law that he did not do so on November 6. It may be that institution regulations or procedures appropriate for judicial notice under § 902.01 would supply the missing evidentiary basis, but Shimkus has not presented any to us.

¶ 14.  Shimkus implicitly asks that we accept his unsworn assertion in his briefs as evidence of the date on which he placed the petition in the institution mailbox for forwarding to the Dodge County Clerk of Courts. We are persuaded we should not do so. With the enactment of WIS. STAT. § 893.735, the legislature shortened the deadline for filing petitions for writs of certiorari from the six months that had previously governed at common law to forty-five days. *State ex rel. Collins v. Cooke*, 2000 WI App 101, ¶ 4, 235 Wis. 2d 63,

611 N.W.2d 774. The much shorter forty-five-day period, and the precise definition in § 893.735(2) and (3) of when the forty-five days begins and ends, indicate a legislative intent to impose short and precise time limitations on inmates' certiorari actions. We have tolled the forty-five-day time period in *Shimkus* to take into account the practical limitations on inmates; however, we conclude it is both fair to inmates and more consistent with legislative intent to require an inmate who wishes to assert the *Shimkus* tolling rule present proof of the date on which he or she placed the petition in the institution mailbox. An unsworn assertion in a brief is not evidence, and, we conclude, is not sufficient to entitle an inmate to the benefit of the *Shimkus* tolling rule.

¶ 15. We hold that an inmate who wishes to assert the *Shimkus* tolling rule in response to a timeliness challenge must present evidence of the date on which he or she deposited the petition in the institution mailbox for forwarding to the clerk of courts for filing. An affidavit setting forth what the inmate did and when, signed by the inmate and notarized by a person authorized by law to administer oaths, *see* WIS. STAT. § 887.01, is one type of such evidence, which is practicable for an inmate acting pro se to produce and file with the court.[7] There are undoubtedly other methods of proving the critical date, but we do not undertake to present an exhaustive list here.[8]

---

[7] We observe that Shimkus, acting pro se in this case, filed a petition that is properly signed and notarized.

[8] We do not suggest that submission of such evidence by the inmate is conclusive. As we recognized in *Shimkus*, the institution may submit evidence to dispute the date on which, according to the inmate's submission, he or she placed the certi-

¶ 16.   We have considered whether it is fair to Shimkus to apply in this case the requirement that he present evidence of the date on which he deposited the petition in the institution mailbox, and we conclude that it is. Shimkus's brief in opposition to the State's motion in the circuit court shows he understood that, under his theory of the law, the date on which he deposited the petition in the institution mailbox was the critical date for determining whether it was timely filed. He may at that time have believed the copy of the disbursement request form was evidence of that date, but, when the State in its reply brief asserted it was not, Shimkus was put on notice the form might not adequately prove the critical date. He had the opportunity then to submit an affidavit supplying additional facts. Alternatively, he might have submitted prison regulations or procedures, of which the court could take judicial notice, that would, coupled with the form, establish the date on which he signed and dated the disbursement request was also the date on which he put the certiorari petition in the institution mailbox for forwarding to the Dodge County Clerk of Courts. However, Shimkus did neither. The result is we cannot conclude from the disbursement request form that Shimkus placed the certiorari petition in the institution mailbox on or before November 5, 1999, for forwarding to the Dodge County Clerk of Courts.

¶ 17.   Since Shimkus has not established that he comes within the *Shimkus* tolling rule, and since it is undisputed the certiorari petition was not received by the Dodge County Clerk of Courts until after Novem-

orari petition in the institution mailbox. *Shimkus*, 2000 WI App 238 at ¶ 6.

ber 5, 1999,[9] we affirm the circuit court's order dismissing the petition on the ground that it was not timely filed.

*By the Court.*—Order affirmed.

[9] Because of this disposition, we do not address Shimkus's argument that November 8, 1999, rather than November 16, 1999, is the date we should consider to be the date the petition was "filed" under WIS. STAT. § 893.735(3).