STATE of Wisconsin EX REL. Tony D. WALKER, Petitioner-Appellant,

v.

Gary R. McCAUGHTRY, Warden, Waupun Correctional Institution, Respondent-Respondent.

Court of Appeals

*No. 00–1439. Submitted on briefs November 7, 2000.—Decided April 19, 2001.*

## 2001 WI App 110

(Also reported in 629 N.W.2d 17.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Tony D. Walker*, pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney

general, and *Jaime Preciado*, assistant attorney general.

Before Dykman, P.J., Roggensack, and Mason, JJ.[1]

¶ 1. DYKMAN, P.J. Tony D. Walker appeals from an order denying his motion that the circuit court reconsider its decision dismissing his petition for certiorari review of a prison disciplinary committee decision. The circuit court found that Walker had failed to comply with the forty-five-day filing deadline for seeking review of a governmental decision by a writ of certiorari. *See* WIS. STAT. § 893.735(2) (1997–98).[2] Because the facts of record concerning Walker's petition for a writ of certiorari are insufficient to permit us to determine its timeliness, we reverse and remand for fact-finding.

---

[1] Circuit Judge James E. Mason is sitting by special assignment pursuant to the Judicial Exchange Program.

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted. WISCONSIN STAT. § 893.735(2) provides:

> An action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues. The 45-day period shall begin on the date of the decision or disposition, except that the court may extend the period by as many days as the prisoner proves have elapsed between the decision or disposition and the prisoner's actual notice of the decision or disposition. Subject to no contact requirements of a court or the department of corrections, a prisoner in administrative confinement, program segregation or adjustment segregation may communicate by 1st class mail, in accordance with department of corrections' rules or with written policies of the custodian of the prisoner, with a 3rd party outside the institution regarding the action or special proceeding.

## I.  Background

¶ 2.   Walker is an inmate at the Green Bay Correctional Institution, but this appeal arises from incidents occurring while he was incarcerated at the Waupun Correctional Institution. On February 23, 1999, a prison disciplinary adjustment committee found Walker guilty of violating an administrative code provision governing prisoner conduct. Walker appealed the adjustment committee's findings to the warden, who affirmed the committee on March 3, 1999. Walker then appealed to the Institution Complaint Examiner (ICE) on March 9, 1999. On March 29, 1999, the ICE recommended dismissal, and the warden again affirmed the decision.

¶ 3.   Walker requested further review from the Corrections Complaint Examiner (CCE) in a document dated March 30, 1999. The CCE recommended dismissal of Walker's complaint and the secretary of the Department of Corrections (DOC) adopted that recommendation. The secretary's final decision was dated June 3, 1999, but there is no evidence as to when Walker received the decision. At this point, Walker had exhausted all of his appeals within the corrections system.

¶ 4.   On July 1, 1999, the circuit court received Walker's petition for a writ of certiorari, petition for fee waiver and affidavit of indigency, and authorization to withhold money from his trust account, as evidenced by the clerk's date stamp. Walker asserts he sent these documents on June 23, 1999.

¶ 5.   Walker further asserts that on July 21, 1999, the circuit court returned these documents to him, stating that they were incomplete because he needed to submit a Department of Justice (DOJ) certification, a six-month statement of his trust account, and proof of

exhaustion of remedies. In his motion to reconsider, Walker stated that on August 6, 1999, he returned the documents, alleging that everything was originally there except the DOJ certification, which he enclosed. He also implied that the prison had earlier sent the trust account statement. He did not say when he requested the DOJ certification, which is dated July 12, 1999.

¶ 6.   On August 16, 1999, the circuit court again received Walker's documents, including the DOJ certification. All of these were stamped as received, except for the petition for waiver of fees and affidavit of indigency, which shows only the July 1, 1999 stamp. On September 20, 1999, the court received Walker's trust account statement.

¶ 7.   On August 31, 1999, the clerk of this court directed that Walker pay this court $4.07 by October 1, 1999. Walker asserts that on September 29, 1999, the circuit court issued an order that if he did not pay that same amount to the clerk of circuit court within thirty days, it would dismiss his case. In a November 22, 1999 memorandum to the circuit court, Walker explained he was unable to pay the $4.07 because it had been sent to this court. This memorandum was accompanied by another trust account statement through October 22, 1999, showing a balance of zero.

¶ 8.   On December 8, 1999, the clerk of circuit court filed Walker's writ and corresponding documents along with an order waiving fees. On February 29, 2000, the warden filed a motion to dismiss Walker's petition because he had not filed within the statutorily mandated forty-five days. On March 8, 2000, the court dismissed Walker's petition because it was not filed within forty-five days of his cause of action's accrual.

¶ 9.   On March 17, 2000, Walker moved for reconsideration. The circuit court denied the motion on April 19, 2000, explaining that the date used to determine whether forty-five days has passed is the date the petition is filed, not the date it is received. Walker appeals.

## II.   Analysis

¶ 10.   A prisoner seeking review of a governmental decision by writ of certiorari must commence such action within forty-five days after the cause of action accrues. WIS. STAT. § 893.735(2). The cause of action accrues on the date of decision unless the prisoner proves he or she received notice of the decision at a later date. *Id.* For Walker, the date of decision was June 3, 1999.

¶ 11.   Absent evidence of record as to when Walker received the decision, we will assume that he received it on June 3, 1999. Therefore, excluding June 3 as the first day pursuant to WIS. STAT. § 990.001(4)(a),[3] June 4, 1999, becomes day one and Sunday, July 18, 1999, is day forty-five. However, pursuant to § 990.001(4)(b),[4] when the last day within which an act is to be done falls on a Sunday the act may

---

[3] WISCONSIN STAT. § 990.001(4)(a) states:

The time within which an act is to be done or proceeding had or taken shall be computed by excluding the first day and including the last; and when any such time is expressed in hours the whole of Sunday and of any legal holiday, from midnight to midnight, shall be excluded.

[4] WISCONSIN STAT. § 990.001(4)(b) states:

If the last day within which an act is to be done or proceeding had or taken falls on a Sunday or legal holiday the act may be done or the proceeding had or taken on the next secular day.

be done on the next secular day, which is Monday, July 19, 1999. We must consider whether Walker timely filed his petition by interpreting WIS. STAT. §§ 893.735(2), 814.29(1m), and 801.02(7)(c) and (d).[5]

[5] WISCONSIN STAT. § 814.29(1m) states in part:

(b)  If a prisoner makes a request for leave to commence or defend an action, special proceeding, writ of error or appeal without being required to prepay the fees or costs or without being required to give security for costs, the prisoner shall submit all of the following:
1.  The affidavit required under sub. (1) (b).
2.  A certified copy of the trust fund account statement for the prisoner for the 6-month period immediately preceding the filing of the request for leave to commence or defend an action, special proceeding, writ of error or appeal, or for the period that the prisoner was incarcerated, imprisoned or detained, if that period is less than 6 months. The trust fund account statement must be obtained from the appropriate official at each facility in which the prisoner is or was incarcerated, imprisoned, confined or detained. "Trust fund account statement" includes accounts accessible to the prisoner before or upon release.

WISCONSIN STAT. § 801.02(7) states in part:

(c)  At the time of filing the initial pleading to commence an action or special proceeding, including a petition for a common law writ of certiorari, related to prison or jail conditions, a prisoner shall include, as part of the initial pleading, documentation showing that he or she has exhausted all available administrative remedies. The documentation shall include copies of all of the written materials that he or she provided to the administrative agency as part of the administrative proceeding and all of the written materials the administrative agency provided to him or her related to that administrative proceeding. The documentation shall also include all written materials included as part of any administrative appeal. The court shall deny a prisoner's request to proceed without the prepayment of fees and costs under s. 814.29 (1m) if the prisoner fails to comply with this paragraph or if the prisoner has failed to exhaust all available administrative remedies.
(d)  If the prisoner seeks leave to proceed without giving security for costs or without the payment of any service or fee under s. 814.29, the court shall dismiss any action or special proceeding, including a petition for a common law writ of certiorari, com-

184

The interpretation and application of statutes present questions of law that we review de novo. *State ex rel. Steldt v. McCaughtry*, 2000 WI App 176, ¶ 11, 238 Wis. 2d 393, 617 N.W.2d 201.

¶ 12.    A prisoner seeking waiver of fees in a certiorari action must submit several documents to the court before the forty-five-day filing deadline is tolled. *State ex rel. Locklear v. Schwarz*, 2001 WI App 74, ¶ 22, 242 Wis. 2d 327, 629 N.W.2d 30. Those documents include a petition for a writ of certiorari, a request for a fee waiver and affidavit of indigency, a certified copy of the prisoner's trust account statement, and authorization for the prison to make any appropriate payments toward the filing fees from the prisoner's accounts. *Id.*; *see also* WIS. STAT. § 814.29(1m). Additionally, pursuant to WIS. STAT. §§ 801.02(7)(d) and 802.05(3)(b), the prisoner must submit a DOJ certification stating that the prisoner has not brought a frivolous or otherwise improper action or appeal on three or more prior occasions. *Locklear*, 2001 WI App 74 at ¶ 22. Finally, the prisoner must include proof of exhaustion of administrative remedies. WIS. STAT. § 801.02(7)(c). The absence of any one of these documents can lead to a rejection of the petition. *Locklear*, 2001 WI App 74 at ¶ 22.

---

menced by any prisoner if that prisoner has, on 3 or more prior occasions, while he or she was incarcerated, imprisoned, confined or detained in a jail or prison, brought an appeal, writ of error, action or special proceeding, including a petition for a common law writ of certiorari, that was dismissed by a state or federal court for any of the reasons listed in s. 802.05 (3) (b) 1. to 4. The court may permit a prisoner to commence the action or special proceeding, notwithstanding this paragraph, if the court determines that the prisoner is in imminent danger of serious physical injury.

¶ 13.  We have concluded that the time a court takes to determine a fee waiver tolls the time for filing the documents because the time taken by the court to make this determination is out of the prisoner's control. *Steldt*, 2000 WI App 176 at ¶ 17. Consequently, "[i]f the court orders that the prisoner be allowed to proceed without prepayment of the fees, then the certiorari action should be considered filed on the date of that order." *Id.* at ¶ 18.

¶ 14.  Similarly, "when a prison inmate places a certiorari petition in the institution's mailbox for forwarding to the circuit court, the forty-five-day time limit in WIS. STAT. § 893.735(2) is tolled." *State ex rel. Shimkus v. Sondalle*, 2000 WI App 238, ¶ 14, 239 Wis. 2d 327, 620 N.W.2d 409 (*Shimkus I*). The time is also tolled while a prisoner waits for the DOJ to provide him or her with the required documentation. *Locklear*, 2001 WI App 74 at ¶ 32.

¶ 15.  In *Locklear, Shimkus I*, and *Steldt*, we relied on the United States Supreme Court's reasoning in *Houston v. Lack*, 487 U.S. 266, 271 (1988):

> Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation. . . . Worse, the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay.

186

¶ 16. We now apply that same reasoning to a prisoner's trust account statement. The prisoner loses control over that document the moment he or she requests it. Here, it appears that the DOC processed the request and forwarded Walker's trust account statement to the court. It would be inequitable to penalize Walker for the DOC's delay in providing the court with this required documentation. Therefore, we toll the statute of limitations from the date Walker requested the trust account statement to the date the court received it.

¶ 17. We also note an important caveat to these tolling rules. This case, unlike *Locklear, Shimkus I*, and *Steldt*, involves two untimely filed documents over which the prisoner had no control. The rationale behind tolling a statute of limitations is to create an equitable solution for prisoners seeking to comply with the forty-five-day deadline. This rationale requires that prisoners comply with the deadline to the extent they have control over the relevant documents. This is the same standard applied to other litigants.

¶ 18. Unlike other litigants, prisoners have to submit documents not within their control. However, this does not permit a prisoner to serially toll the forty-five-day period by requesting one document, and after receiving that document, requesting the next, tolling the time further. This would give an advantage to prisoners over other litigants, contrary to legislative intent. Therefore, the tolling begins when the documents over which prisoners have control have been mailed, and all of the documents over which prisoners have no control have been requested. The time begins running again when those documents are within the

prisoner's control, such as when a prisoner receives a DOJ certification for forwarding to the court. *See Locklear*, 2001 WI App 74 at ¶ 28, ¶ 32. By requiring prisoners to submit documents under their control within a designated period, the prisoner is treated equitably and the legislative intent is fulfilled.

¶ 19.    We must determine the date when Walker submitted all of the documents in his control to the court and had made both a request for the DOJ certification and a request to the DOC for a trust account statement.

¶ 20.    The court received the documents over which Walker had control on July 1, 1999: the petition for fee waiver and affidavit of indigency, the authorization to withhold payments, the petition for a writ of certiorari, and the documentary proof of exhaustion of administrative remedies.[6] Therefore, on July 1, 1999, day twenty-eight of Walker's forty-five-day time limit, what remained for Walker to do was request a certification from the DOJ and a trust account statement from the DOC. Unfortunately the record is unclear as to when he made these requests.

¶ 21.    The DOJ certification was stamped by the circuit court as received on Monday, August 16, 1999, day 74. The circuit court received the trust account statement on Monday, September 20, 1999, day 109. The clerk of circuit court did not file the petition until December 8, 1999, day 188, presumably because of a delay in determining the filing fee.

---

[6] The documentary proof of exhaustion of administrative remedies was contained within the petition for writ of certiorari itself, which may have contributed to the court's initial determination that such documentation was not present when the court returned the petition as insufficient on July 21, 1999.

¶ 22. To decide whether the time taken to determine the filing fee is tolled, we must apply *Steldt*, 2000 WI App 176 at ¶ 17. That rule is based upon an assumption that the time taken by the court to decide whether the prisoner must pay any fees is out of the prisoner's control. *Id.* The situation before us, where two courts required the payment of the same balance in Walker's trust account, is one over which Walker had no control. Therefore, the forty-five-day limit was tolled while Walker attempted to resolve that problem.

¶ 23. The absence of relevant facts of record precludes us from determining the amount of time taken by Walker to resolve the two-court dispute, what was required of him to do so, and consequently whether or not he delayed the filing. In order to continue our analysis, we assume that the delay was reasonable, therefore tolling the time between September 20, 1999, and December 8, 1999.

¶ 24. For the time prior to September 20, 1999, we must apply the trust account tolling rule. In order to do so, we need to know the date Walker requested a statement of his trust account. We only have two pieces of information regarding this date. The first is Walker's assertion in his motion to reconsider that the prison sent the statement along with his original petition. The other is the September 17, 1999 date on which the trust account statement was printed. These dates lead to two reasonable inferences, each of which would dispose of this case, but differently. The first is that DOC received the request on or about June 23, 1999, as is implied in Walker's motion to reconsider. In that case, it is the DOC's failure to return the statement in a timely fashion that caused Walker to miss the filing deadline. However, there is a second inference, that Walker neglected to request the trust account statement until

the middle of September 1999, and the DOC promptly sent it to the court. In that case, Walker missed the filing deadline due to his own dilatory conduct.

¶ 25. The record is also unclear as to when Walker requested or received the DOJ certification. Those dates could range from the date the certification was signed, July 12, 1999, to August 15, 1999, the day before the circuit court received it.

■

¶ 26. As we noted in *Steldt*, 2000 WI App 176 at ¶ 19, our interpretation of WIS. STAT. §§ 893.735, 814.29(1m), and 59.40(3)[7] requires the clerk of courts, the prison, or the prisoner to record the various dates that will toll or restart the forty-five-day time limit. The clerk of courts received Walker's petition for a writ of certiorari within forty-five days of the accrual of his cause of action. However, there is no evidence of record concerning other crucial dates. The dates of record are insufficient for us to decide with certainty whether Walker filed a timely petition. *See State ex rel. Shimkus v. Sondalle*, 2000 WI App 262, ¶ 15, 240 Wis. 2d 310, 622 N.W.2d 763 (*Shimkus II*). Therefore, we reverse and remand for further fact-finding consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.

■

[7] WISCONSIN STAT. § 59.40(3)(a) states:

The clerk of the circuit court shall collect the fees that are prescribed in ss. 814.60 to 814.63. The clerk may refuse to accept any paper for filing or recording until the fee prescribed in subch. II of ch. 814 or any applicable statute is paid.