STATE of Wisconsin EX REL. Dillard Earl KELLEY,
Sr., Petitioner-Appellant,

v.

STATE of Wisconsin, Respondent-Respondent.

Court of Appeals

*No. 02–1495. Submitted on a motion October 18, 2002.—
Decided March 4, 2003.*

2003 WI App 81

(Also reported in 661 N.W.2d 854.)

On behalf of the petitioner-appellant, the cause was submitted on the memoranda of *Dillard Earl Kelley, Sr.*

On behalf of the respondent-respondent, the cause was submitted on the memorandum of *Michael R. Klos* and *James M. Freimuth*, assistant attorneys general.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

¶ 1. PER CURIAM. Dillard Earl Kelley, Sr., a prisoner proceeding *pro se,* has appealed from a March

4, 2002 order dismissing his petition for writ of *habeas corpus* and from an April 12, 2002 order denying his motion for reconsideration. The State has moved to dismiss the appeal. Kelley argues that his notice of appeal was timely filed under the "prison mailbox tolling rule" adopted in *State ex rel. Nichols v. Litscher*, 2001 WI 119, 247 Wis. 2d 1013, 635 N.W.2d 292, and was properly addressed to "the clerk of the trial court" under WIS. STAT. RULE 809.10(1)(a) (1999–2000).[1] We agree with Kelley and therefore deny the State's motion to dismiss.

¶ 2.   Kelley's notice of appeal was filed in the Milwaukee County Circuit Court Clerk's Office on June 5, 2002, more than ninety days after entry of the order dismissing his petition. Accordingly, this court issued an order on September 13, 2002, directing the parties to file memoranda and affidavits, if appropriate, addressing whether the supreme court's ruling in *Nichols* crafting a "tolling rule" for petitions for review should be applied to a notice of appeal and whether Kelley's notice of appeal should benefit from the application of the rule. The parties filed their responses; the State's responses included a motion to dismiss the appeal for lack of jurisdiction.

¶ 3.   In *Nichols*, the supreme court held that the time period for filing a petition for review was "tolled on the date that a pro se prisoner delivers a correctly addressed petition to the proper prison authorities for mailing." *Id.* at ¶ 1. The supreme court explained:

> The tolling rule will ensure the proper treatment of pro se prisoners who file petitions for review. When pro se prisoners seek to file petitions, their control over the

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

filing process is circumscribed by prison rules and procedures. Pro se prisoners' choice in method of filing is no choice at all. They must rely on the "vagaries of the mail." Other petitioners may personally deliver their petitions to the clerk of court's office, even at the last possible moment. We discern no convincing reason why pro se prisoners who act more promptly and otherwise comply with filing requirements should be placed at a disadvantage.

*Id.* at ¶ 28.

¶ 4. A notice of appeal, like a petition for review, is a document that must be timely filed in order to grant this court jurisdiction over the case. A prisoner seeking to file a notice of appeal faces the same restrictions on method of filing as one filing a petition for review.

¶ 5. Kelley's response contends that the "prison mailbox tolling rule" should apply because he is a *pro se* prisoner seeking appellate review of a case challenging his custody. The State concurs with Kelley's position, relying on *State ex rel. Tyler v. Bett*, 2002 WI App 234, ¶¶ 10–15, 257 Wis. 2d 606, 652 N.W.2d 800, which, in part, summarizes the context in which the tolling rule has been applied. The summary shows that the court of appeals has applied the prison mailbox tolling rule to the forty-five-day period for filing a petition for *certiorari* review in circuit court and to various ancillary requirements concerning filing fees and trust account documentation. *See State ex rel. Shimkus v. Sondalle*, 2000 WI App 238, ¶¶ 13–14, 239 Wis. 2d 327, 620 N.W.2d 409; *State ex rel. Steldt v. McCaughtry*, 2000 WI App 176, ¶ 17, 238 Wis. 2d 393, 617 N.W.2d 201; *State ex rel. Locklear v. Schwarz*, 2001 WI App 74, ¶ 28, 242

Wis. 2d 327, 629 N.W.2d 30; and *State ex rel. Walker v. McCaughtry*, 2001 WI App 110, ¶ 16, 244 Wis. 2d 177, 629 N.W.2d 17.

¶ 6.   While logic suggests that the prison mailbox tolling rule should apply to Kelley's filing of a notice of appeal in this case, that rule is conditioned upon the prisoner meeting certain conditions. The requirements to "address the petition properly, or otherwise comply with filing requirements." *Nichols*, 2001 WI 119 at ¶ 27. As the State's response correctly points out, a *pro se* prisoner's submission of an incorrectly or improperly addressed petition or notice of appeal "would not trigger application of the tolling rule." *Tyler*, 2002 WI App 234 at ¶ 13.

¶ 7.   The facts surrounding the filing of Kelley's notice of appeal in this case are undisputed. A final order denying Kelley's *habeas* petition was filed in Milwaukee County Circuit Court on March 4, 2002. Kelley had ninety days, or until June 3, 2002, in which to file his notice of appeal or submit the notice of appeal to the proper prison authorities for mailing.

¶ 8.   Kelley submitted an affidavit to this court indicating that his notice of appeal was mailed from prison on May 31, 2002. He also attached a copy of a U.S. Postal Service certified mail receipt indicating a mailing on May 31, 2002, to "Circuit Court Branch 42, Milwaukee Courthouse, Milwaukee, Wis. 53233." The State of Wisconsin submitted an affidavit of the Milwaukee County deputy clerk indicating that Kelley's envelope is no longer available. The State's own office file indicates it received a notice of appeal in an envelope postmarked May 31, 2002. The document was stamped as received by the Attorney General's office on June 3, 2002.

¶ 9. The affidavits and exhibits show, as the State concedes, that Kelley delivered his notice of appeal to prison authorities for mailing before expiration of the ninety-day deadline and that it was, in fact, mailed before the deadline expired. The question presented, therefore, is whether Kelley's affidavit and exhibit show that his notice of appeal was properly · or correctly addressed. Where the question on appeal involves interpretation and application of a procedural statute to undisputed facts, it presents a question of law we review without deference to the conclusions of the trial court. *See Dairyland Fuels, Inc. v. State*, 2000 WI App 129, ¶ 6, 237 Wis. 2d 467, 614 N.W.2d 829.

¶ 10. WISCONSIN STAT. RULE 809.10(1)(a) requires that a notice of appeal shall be filed with "the clerk of the trial court." We do not read WIS. STAT. RULE 809.10(1)(a) in a vacuum, but rather consider it together with other statutes on the same subject to determine its plain and clear meaning. *Dairyland Fuels*, 2000 WI App 129 at ¶ 7.

¶ 11. In Wisconsin, trial courts are circuit courts of "general jurisdiction" with the "power to hear and determine, within their respective circuits, all civil and criminal actions and proceedings." WIS. STAT. § 753.03. WISCONSIN STAT. §§ 753.016(1) and (2)[2] provide that in Milwaukee County each branch of the circuit court

---

[2] WISCONSIN STAT. § 753.016 provides as follows:

**753.016 Judicial circuit. for Milwaukee County. (1)** This section applies only in the judicial circuit for Milwaukee County.

**(2)** COURT ROOM; OFFICES. The county board shall provide suitable court rooms and offices, the sheriff shall provide the necessary deputy sheriffs as attending officers under s. 59.27(3) and the clerk of the circuit court shall provide a sufficient number of deputy clerks for all the judges and branches of the court.

shall have a deputy clerk provided by the clerk of the circuit court. Reading these statutes in *pari materia,* we conclude that in Milwaukee County "the clerk of the trial court" contemplated by WIS. STAT. RULE 809.10(1)(a) necessarily encompasses the deputy clerk assigned to the specific branch of the circuit court as well as deputy clerks performing duties within the office of the clerk of circuit court.

¶ 12. In view of this specific statutory scheme governing the location of deputy clerks in each branch of the trial court of Milwaukee County, we conclude that Kelley properly addressed his notice of appeal "to the clerk of the trial court" within the meaning of WIS. STAT. RULE 809.10(1)(a) by specifying its delivery to "Circuit Court Branch 42, Milwaukee Courthouse, Milwaukee, WI 53233." Because Kelley's envelope was properly addressed and timely placed in the prison mail prior to the expiration of the ninety-day time limit following the entry of the circuit court's order on appeal, we hold that the appeal was timely filed within the meaning of *Nichols* and this court has jurisdiction of it. Accordingly, the State's motion to dismiss the appeal is denied.

*By the Court.*—Motion denied.