**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**April 16, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP779**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV368

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN EX REL. PAUL BRIAN ASIK, JR.,

   PETITIONER-APPELLANT,

V.

ELIZABETH TEGELS AND CATHY JESS,

   RESPONDENTS-RESPONDENTS.

APPEAL from orders of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed*.

Before Blanchard, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Paul Brian Asik, Jr., pro se, appeals a circuit court order that dismissed Asik's petition for a writ of certiorari as untimely and the order denying his motion for reconsideration.  Asik contends that his petition was timely under statutory and equitable tolling provisions.  We conclude that Asik has not established that any tolling provisions apply in this case.  We affirm.

¶2     Asik was issued a final prison disciplinary decision on November 29, 2018.  It is undisputed that Asik placed his petition for certiorari review and supporting documents in the prison mailbox on January 16, 2019.  Accordingly, Asik effectively filed his petition for writ of certiorari on January 16, 2019.  *See State ex. rel. Shimkus v. Sondalle*, 2000 WI App 238, ¶14, 239 Wis. 2d 327, 620 N.W.2d 409.  On February 14, 2019, the circuit court dismissed the petition as untimely.  Asik moved for reconsideration, which the circuit court denied.

¶3     Under WIS. STAT. § 893.735 (2017-18),[1] a petition for certiorari review of a prison disciplinary decision must be filed within forty-five days of the date of the decision. The deadline may not be extended because the circuit court lacks subject matter jurisdiction over a petition that is not timely filed.  *See State ex rel. Collins v. Cooke*, 2000 WI App 101, ¶5, 235 Wis. 2d 63, 611 N.W.2d 774. However, under certain circumstances, statutory or equitable tolling provisions may apply.  Under § 893.735, for example, "the court may extend the period by as many days as the prisoner proves have elapsed between the decision or disposition and the prisoner's actual notice of the decision or disposition."  Sec. 893.735(a).

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Additionally, equitable tolling doctrines may apply if circumstances beyond the prisoner's control prevent timely filing. *See, e.g.*, ***State ex rel. Walker v. McCaughtry***, 2001 WI App 110, ¶¶13-16, 244 Wis. 2d 177, 629 N.W.2d 17. Under equitable tolling doctrines, "tolling begins when the documents over which prisoners have control have been mailed, and all of the documents over which prisoners have no control have been requested." *Id.*, ¶18. "By requiring prisoners to submit documents under their control within a designated period, the prisoner is treated equitably and the legislative intent is fulfilled." *Id.* The *Walker* court characterized the petition for writ of certiorari as among the documents over which an inmate has control for purposes of equitable tolling. *Id.*, ¶20. We independently review whether a petition for a writ of certiorari was timely filed based on tolling provisions. *See id.*, ¶¶11, 18.

¶4 To repeat, here Asik's final disciplinary decision was issued on November 29, 2018. Under the forty-five day deadline, Asik's petition for a writ of certiorari was due on January 14, 2019. Asik argues, however, that he did not receive the DOC's final decision until December 3, 2018. He asserts, therefore, that his forty-five days to file a petition for a writ of certiorari did not begin running until December 3, 2018, rather than the date on which the decision was issued, November 29, 2018.

¶5 As the State points out, however, Asik offered no proof that he received the decision on December 3, 2018. Asik does not argue that he provided any proof of the date he received the decision. Rather, Asik argues that this court should determine that it would not be reasonable for Asik to receive the decision the same date it was decided, when it had to be mailed to Asik at the institution. However, under WIS. STAT. § 893.735(2), the forty-five-day period begins to run on the date of the decision. The period may be extended if the prisoner proves the

number of days that have elapsed between the decision and the prisoner's receipt of the decision. We need not determine here what proof would be sufficient to meet that burden. It is undisputed that Asik merely asserted to the circuit court that he received the decision on December 3, 2018. Argument is not evidence. ***State v. Eugenio***, 210 Wis. 2d 347, 358, 565 N.W.2d 798 (Ct. App. 1997).

¶6 Next, Asik argues that he was transferred to a different institution on December 18, 2018, and did not receive his property, including legal paperwork, until December 28, 2018. Asik argues that his time to file a petition for a writ of certiorari should be equitably tolled for the ten days that the prison withheld his legal paperwork.

¶7 As the State contends, however, Asik has not established legal authority for applying the equitable tolling doctrines to this scenario. The equitable tolling rule is limited in scope. *See **State ex rel. Tyler v. Bett***, 2002 WI App 234, ¶20, 257 Wis. 2d 606, 652 N.W.2d 800. "The rule addresses only the disability inmates are under in meeting statutory filing deadlines because they must rely on the actions of others, who are beyond their control, in submitting necessary documents to the courts." ***Id.*** Thus, "inmates' claims that they have been denied the constitutional right of access to the courts ... are appropriately addressed through the Inmate Complaint Review System. The complaint review system permits prisoners to challenge specific violations of their rights and inadequacies in prison conditions or services." ***Id.***, ¶19. Simply put, the tolling rule "was not intended to spawn, nor can it support, open-ended inquiries into the adequacy of prison legal resources, or discretionary judgments as to whether certain facts and circumstances warrant relief from statutory deadlines while others do not." ***Id.***, ¶20. Here, the prison withholding Asik's legal paperwork from December 18 to December 28, 2018, and returning that paperwork to Asik

4

well before the January 14, 2019 deadline for filing the petition, does not fall within the limited equitable tolling rule.[2]

¶8      Next, Asik argues that he submitted his petition for a writ of certiorari to the prison Education Department for copying and requested notarization service on January 3, 2019, and did not receive the copies and notarization service until January 16, 2019.  He argues that, as of January 3, 2019, he had submitted all documents under his control and requested all documents within the prison's control.  *See Walker*, 244 Wis. 2d 177, ¶18 (equitable "tolling begins when the documents over which prisoners have control have been mailed, and all of the documents over which prisoners have no control have been requested").  He argues that the tolling rule applies because he had no control over when he would receive copies or notarization service, citing *State ex rel. Locklear v. Schwarz*, 2001 WI App 74, ¶26, 242 Wis. 2d 327, 629 N.W.2d 30 (when filing depends on the delivery of documents from state officials, the limitation period is tolled between the time the prisoner requests the documents and the time the prisoner receives the documents).

¶9      The State asserts that Asik has not established that any equitable tolling doctrines apply to this scenario.  Under *Walker*, the petition for a writ of certiorari is characterized as a document over which Asik had control.  *See Walker*, 244 Wis. 2d 177, ¶20.  In *Locklear*, the court discussed problems the prisoner encountered in attempting to photocopy materials but did not hold that

---

[2] Asik argues that the circuit court found that his deadline was tolled by these ten days. However, as explained, we review whether tolling doctrines apply de novo.

those delays resulted in equitable tolling. *See **Locklear***, 242 Wis. 2d 327, ¶¶33-39.

¶10     We need not decide whether the tolling rule could apply to this scenario because, even if it did, Asik did not submit sufficient evidence to the circuit court to prove the dates on which he submitted the petition for copies and requested notarization, or to prove that he was unable to receive the copies and notarization until January 16, 2019.  Asik's sole evidence to support tolling is a disbursement request for copies dated January 3, 2019.  Nothing in his evidentiary submissions established when he requested notarization or that he was prevented from receiving the copies and notarization services until January 16, 2019.

¶11     Finally, Asik argues that his time for filing was tolled between December 12, 2018, and December 20, 2018, for the time between when Asik requested his three-strikes certification as required to obtain fee waiver and the date that the prison provided that document.  However, Asik asserts that he received the certification prior to the date on which he requested or submitted the rest of his required material.  Accordingly, the deadline was not tolled while Asik was awaiting his three-strikes certification. *See **Walker***, 244 Wis. 2d 177, ¶18 ("tolling begins when the documents over which prisoners have control have been mailed, and all of the documents over which prisoners have no control have been requested").  We also reject Asik's argument that he was denied due process and equal protection when his deadline to file his certiorari action was not tolled. Asik's constitutional argument is insufficiently developed and lacks adequate factual support. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).  We affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.