COURT OF APPEALS
DECISION
DATED AND FILED

August 22, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2023AP5**

**STATE OF WISCONSIN**

Cir. Ct. No. 2022CV2561

**IN COURT OF APPEALS
DISTRICT IV**

---

STATE OF WISCONSIN EX REL. RONALD M. CARPENTER,

    PETITIONER-APPELLANT,

V.

DANIEL WINKLESKI, WARDEN, AND KEVIN A. CARR,

    RESPONDENTS-RESPONDENTS.

---

    APPEAL from orders of the circuit court for Dane County: NIA E. TRAMMELL, Judge. *Affirmed*.

    Before Blanchard, Nashold, and Taylor, JJ.

    **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

    ¶1    PER CURIAM. Ronald M. Carpenter, pro se, appeals a circuit court order that dismissed Carpenter's petition for a writ of certiorari as untimely.

Carpenter argues that the court should have granted his motions to extend the time to file his petition, and that his deadline was equitably tolled during a period of delay caused by obstacles within the prison system. For the reasons explained in this opinion, we reject Carpenter's arguments and conclude that Carpenter's petition was not timely filed. We affirm.

¶2 On April 4, 2022, Carpenter was issued a prison disciplinary conduct report. Carpenter was found guilty of the offense, and appealed within the prison inmate complaint review system. The Department of Corrections (DOC) issued a final decision dismissing Carpenter's complaint on July 13, 2022. Accordingly, Carpenter's deadline to file a petition for a writ of certiorari to obtain review of the disciplinary decision in the circuit court was August 29, 2022. *See* WIS. STAT. § 893.735 (2021-22)[1] (petition for certiorari review of a prison disciplinary decision must be filed within forty-five days of the date of the decision).

¶3 On August 8, 2022, Carpenter filed a letter in the circuit court asking the court to extend the deadline for Carpenter to file a petition for certiorari review. Carpenter asserted that the additional time was necessary based on his limited access to the prison law library and because the prison business office had returned Carpenter's request for his six-month trust fund account statement, which he needed in order to seek waiver of the filing fee for his certiorari action. By letter dated August 17, 2022, the Dane County Clerk of Circuit Court's Prisoner Litigation Staff Attorney wrote in pertinent part to Carpenter, "Your action has not been filed because you have failed to provide all documents required by Wisconsin law."

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version.

¶4      By motion dated August 31, 2022, Carpenter asked the circuit court for a fifteen-day extension of the time to file his certiorari petition. Carpenter asserted that he did not receive his three-strikes certification generated upon request by the Wisconsin Department of Justice until August 12, 2022. Carpenter also asserted that, on August 30, 2022, he attempted to obtain the copies he needed to file his petition (apparently from the prison law library) but that he was not provided complete copies and he received blank pages along with the copies he did receive. Carpenter asserted that, on August 31, 2022, the prison law librarian provided him with the incorrect forms for filing the certiorari action. Carpenter asserted that he would file the petition as soon as he was able to obtain the proper copies and forms from the prison law librarian, but that his receipt of that material was being delayed due to the COVID-19 pandemic. The court did not respond to that motion.

¶5      Carpenter filed his petition for certiorari review, petition for fee waiver, and other required documents after the August 29, 2022 deadline.[2] On October 17, 2022, the circuit court dismissed the action as untimely. Carpenter moved for reconsideration, which the court also denied. Carpenter appeals.

¶6      The issue here—whether Carpenter's petition was timely filed under the statutes and controlling case law—presents a question of law that we review de

---

[2] In his briefs on appeal, Carpenter does not state the date on which he placed his completed petition for certiorari papers in the prison mail system, and he does not cite anything in the record establishing that date. The appendix to Carpenter's brief includes Carpenter's affidavit, dated September 6, 2022, averring that Carpenter placed the petition and fee waiver petition with supporting material in the prison mail system. That affidavit does not appear in the record. The circuit court's order denying reconsideration states that Carpenter's material was received September 12, 2022, and Carpenter's petition for fee-waiver was date-stamped September 13, 2022. We note that Carpenter's motion to extend the time to file his petition was dated August 31, 2022, and stated that Carpenter intended to file his petition on a later date, as soon as he was able to obtain all necessary material. It is sufficient for purposes of this opinion that, based on the record and the parties' briefs, there is no dispute that Carpenter did not file any of his certiorari material until after August 29, 2022.

3

novo. *See* ***State ex rel. Locklear v. Schwarz***, 2001 WI App 74, ¶¶15-16, 242 Wis. 2d 327, 629 N.W.2d 30.

¶7 Under WIS. STAT. § 893.735, a petition for certiorari review of a prison disciplinary decision must be filed within forty-five days of the date of the decision. The deadline may not be extended, because the circuit court lacks subject matter jurisdiction over a petition that is not timely filed. *See* ***State ex rel. Collins v. Cooke***, 2000 WI App 101, ¶5, 235 Wis. 2d 63, 611 N.W.2d 774. However, the deadline may be tolled under certain circumstances, such as when circumstances beyond the prisoner's control prevent timely filing. *See, e.g*, ***State ex rel. Walker v. McCaughtry***, 2001 WI App 110, ¶¶13-16, 244 Wis. 2d 177, 629 N.W.2d 17. Under equitable tolling doctrines, "tolling begins when the documents over which prisoners have control have been mailed, and all of the documents over which prisoners have no control have been requested." *Id.*, ¶18.

¶8 Carpenter contends that the circuit court should have granted his requests to extend the time to file his petition based on Carpenter's lack of access to legal resources due to the COVID-19 pandemic. Carpenter also argues that he is entitled to equitable tolling of the time to file the petition for the days that Carpenter was waiting for the prison business office to provide him with the three-strikes certification, which Carpenter needed to submit in support of a petition to waive the filing fee for the certiorari action, and for other delays within the prison system.

¶9 Because a circuit court cannot extend the time to file a petition for a writ of certiorari, *see* ***Collins***, 235 Wis. 2d 63, we reject Carpenter's argument that the court should have granted his extension motions. We turn, then, to Carpenter's argument that he is entitled to equitable tolling of the deadline.

¶10 Equitable tolling begins only "when the documents over which prisoners have control have been mailed, and all of the documents over which prisoners have no control have been requested." **Walker**, 244 Wis. 2d 177, ¶18. Here, Carpenter did not mail his certiorari petition or any supporting material until after the August 29, 2022 deadline had passed. We therefore reject Carpenter's argument that he was entitled to tolling of the deadline while he was awaiting receipt of the three-strikes certification. *See **id.***, ¶18 ("By requiring prisoners to submit documents under their control within a designated period, the prisoner is treated equitably and the legislative intent is fulfilled.").

¶11 To the extent that Carpenter is arguing that his certiorari petition and other required forms were not within his control based on his lack of access to adequate legal resources, we reject that argument because a similar contention was rejected in **State ex rel. Tyler v. Bett**, 2002 WI App 234, ¶2, 257 Wis. 2d 606, 652 N.W.2d 800.

¶12 In **Tyler**, we explained that "inadequacy of legal resources and assistance available to prison inmates" does not "provide[] grounds for tolling of the statutory deadline" to file a certiorari action. ***Id.*** Tyler argued that he was "entitled to 'special consideration in meeting the filing deadline because he was faced with obstacles beyond his control which interfered with the processing of his petition.'" ***Id.***, ¶17. Tyler "essentially claim[ed] that he should be entitled to have the statute tolled because he did not have access to adequate legal resources and assistance at the institution where he [was] incarcerated." ***Id.*** We rejected that argument, explaining that the tolling rule could not be used as a "remedy for alleged inadequacies in prison legal resources." ***Id.***

¶13     We recognized that "limitations on the access to legal resources and assistance undoubtedly impact the ability of pro se prisoners to properly file legal actions." *Id.*, ¶18. We also noted that "'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Id.* (quoted source omitted). We pointed out that, "[t]o that end," administrative rules require each prison to "'maintain a law library and make legal materials available to inmates at reasonable times and for reasonable periods'" and that "the Department of Corrections 'shall make reasonable efforts to ensure that adequate legal services are available to indigent inmates.'" *Id.* (quoted sources omitted).

¶14     We explained, however, that claims of inadequate access to the courts and resources "are appropriately addressed through the Inmate Complaint Review System," rather than as a basis to invoke "the judicially-created mailbox/tolling rule." *Id.*, ¶¶19-20. This is so, we explained, because the "efficacy of the [mailbox/tolling] rule depends on the ability of courts to easily resolve factual questions regarding who did what and when in relation to the mailing, receipt and processing of documents intended for court filing." *Id.*, ¶20. Thus, "[t]he rule was not intended to spawn, nor can it support, open-ended inquiries into the adequacy of prison legal resources, or discretionary judgments as to whether certain facts and circumstances warrant relief from statutory deadlines while others do not." *Id.*

¶15     Thus, under *Tyler*, we must reject Carpenter's asserted right to tolling based on his claims of inadequate legal resources within the prison system,

including lack of access to the prison law library and alleged law librarian error.[3] Those claims do not provide a basis to invoke equitable tolling. We affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] Moreover, according to Carpenter's August 31, 2022 motion to extend the time to file his petition, the law librarian error occurred on August 30 and August 31, 2022, after Carpenter's August 29, 2022 deadline to file the petition.